NORTH AMERICAN CONSTRUCTION COMPANY v. J. OLSON and E. D. OLSON, as co-partners trading and doing business under the firm name and style of J. OLSON & SON, and THE BARNETT NATIONAL BANK OF JACKSONVILLE, FLORIDA, a national banking association.

179 So. 659.

Division A.

Opinion Filed February 14, 1938.

Petition for Rehearing Withdrawn March 24, 1938.

*George C. Bedell* and *Chester Bedell,* for Appellant;
*Fleming, Hamilton, Diver & Lichliter* and *Frank F. L'Engle,* for Appellees.

PER CURIAM.—On December 7, 1935, J. Olson and B. D. Olson, as copartners, doing business under the name of J. Olson & Son, Appellees here, instituted a common law action against Appellant, North American Construction Company, a corporation, the declaration being on the common counts.

A bill of particulars stating the amount claimed and the basis therefor was attached to and made a part of the declaration. A demurrer and motion for better bill of particulars was filed and overruled. Pleas of the general issue,

payment, assignment, recoupment, and a plea claiming a larger amount due defendant by plaintiff than was claimed by plaintiff from defendant were then proffered.

At this stage of the proceedings, on February 28, 1936, three months after the common law action was instituted, the defendant, North American Construction Company, filed its bill of equity in the Circuit Court naming the Olsons and the Barnett National Bank as defendants, praying that the Court determine a true state of account between plaintiff and defendants growing out of that certain contract of February 16, 1935, determine the respective interest of complainant and defendants in a certain fund held by the Florida National Bank of Jacksonville and to enjoin further proceedings in the law action heretofore referred to. The latter motion was denied and a motion to dismiss the bill of complaint was granted. The present appeal is from both decrees.

The essential question to be decided may be stated as follows: The cause having been instituted at law and jurisdiction in that forum having attached, was there sufficient showing in the bill of complaint to warrant a court of equity in arresting the action at law and continuing the litigation in equity?

There is no controversy as to the law controlling the issue raised. It is admitted that the law court first assumed jurisdiction, that equity will not grant relief where there is an adequate remedy at law and that when law and equity have concurrent jurisdiction, equity will stay the proceeding at law if the circumstances are such that it (equity) can afford full relief and grant a more complete remedy than a court of law can give. Connor v. Elliott, 59 Fla. 227, 52 So. 729; Curtis v. Albritton, 101 Fla. 856, 132 So. 677; Pepple v. Rogers, et al., 104 Fla. 462, 140 So. 205; Dwyer

v. Garlough, 31 Ohio St. 158, text 160; Southern Hardware Co. v. Lester, 166 Ala. 86, 52 So. 328.

There being no discord as to the law of the case, the real point of cleavage between the parties hereto is whether or not the bill of complaint sets up a state of facts to warrant the relief prayed for.

In Volume II (14th Ed.) Story's Equity Jurisprudence, it is in substance said that when law and equity have concurrent jurisdiction in a cause and the action is pending at law, that forum will be permitted to adjudicate the rights of the parties unless it is shown that the defendant has goods or profits in which the plaintiff is entitled to participate or that there are mutual and unsettled accounts between the parties that are so complicated as to require an accounting or that there exists a fiduciary relationship between defendant and the plaintiff or where it is shown that the former holds property as trustee for the latter.

With this test as a guide, let us examine the bill of complaint. It shows that on February 16, 1935, complainant and the Olsons entered into a contract whereby it was provided that if complainant was the successful bidder for certain construction to be let by the Town of Atlantic Beach under arrangement with the Public Works Administration, the work and materials for said construction would be done and furnished by the Olsons and others at unit price basis.

After the contract for the construction was let and work begun, numerous collateral agreements affecting the interpretation of the contract were entered into, all of which were occasioned by circumstances that arose after the work was begun. Certain payments were made and then the Olsons demanded that further payments be withheld pending dispute between complainant and the Olsons affecting the contract. The fund in dispute was then deposited by

the Clerk of the Town of Atlantic Beach, in the Florida National Bank in escrow pending settlement of the differences between complainant and defendants, the deposit being to the plaintiff and the Barnett National Bank. Defendants then assigned their right in the fund to a third party.

While the jurisdiction of equity will be exercised sparingly in a case of this kind, we think the bill of complaint presents a state of facts warranting its exercise in this case. It is shown that there are unsettled accounts between the parties and the transactions affecting them are involved to that extent that a court of equity can treat them in a more efficacious manner than a court of law.

The judgment below is accordingly reversed.

Reversed.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.