Suit by Harry V. Moore against Charles E. Phillips, as administrator of the estate of Fred Phillips, and Mary Stebbins Phillips, for an accounting, and for other relief. From an order dismissing the bill for want of equity, complainant appeals.
Reversed.
In January 1947, Harry V. Moore entered into contract with Fred Phillips and Mary Stebbins Phillips whereby he agreed to manage the business known as Phillips Music Mart and divide the net profits on a fifty-fifty basis. The contract also provided that Moore should have a drawing account of sixty dollars per week and an expense account of fifteen dollars per week. Moore agreed to keep an accurate set of books and be able at any time to show the exact financial standing of the business.
In May 1948, little more than a year after the contract was executed, Moore filed his bill of complaint in this cause in which he prayed for an accounting, that a receiver be appointed to take charge of the business, that defendants be enjoined from disposing of any of the assets, that a special master be appointed to state an account between the parties and that defendants be required to produce that certain paper signed by complainant while he was in the city jail which he believes to be a release from his contract. This appeal is from an order dismissing the bill of complaint for want of equity.
The only question we are required to answer is whether or not the bill of complaint contained equity.
In substance it alleges that Fred Phillips, now deceased, was the agent of Mary Stebbins Phillips, that with her knowledge and consent he caused complainant, at a time when he was drunk, to be incarcerated in the city jail in Panama City, and while he was thus confined and without his glasses and could not see or understand what he was doing, induced him to sign some paper that he verily believes to be an outright release of his contract of employment heretofore referred to.
We do not commend the bill of complaint as a model pleading, but we do not think it is altogether devoid of equity. Whether the contract was one of employment or partnership is not material. It is shown that there was some sort of working agreement between them and the allegations are sufficient to warrant an accounting.
Measured by the terms of his contract, complainant omits allegations that might have been included in his bill. In fine, his main reliance for relief is that he got drunk, lost his glasses and was lodged in the hoosegow; that defendants induced him to sign a release of his contract while he was unable to take care of himself. Equity is blind to the fact of whether one is drunk or sober, rich or poor, beggar or thief, all are entitled to have justice meted to them by the same measure if a proper showing is made to the chancellor.
We think the bill of complaint was sufficient to withstand the motion to dismiss so the judgment is reversed with directions to reinstate the bill and proceed accordingly.
Reversed.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur. *Page 818