88 So.2d 551 (1956)
CHARLES SALES CORP., A FLORIDA CORPORATION, PETITIONER,
v.
BEN ROVENGER, RESPONDENT.
Supreme Court of Florida, Special Division A.
June 15, 1956.
*552 Kommel & Rogers, Miami Beach, for petitioner.
Patton & Kanner, Miami, for respondent.
HOBSON, Justice.
This is a petition for certiorari filed by Charles Sales Corporation, defendant below, to review an order of the circuit court, sitting in chancery, overruling certain objections to interrogatories propounded by the plaintiff. For an understanding of the matter involved, it is first necessary to review what has thus far transpired in the case.
The plaintiff in this equity suit seeks an accounting, to determine and recover money due under certain alleged employment contracts with the defendant. The complaint alleges that from July, 1951, to November, 1952, the parties agreed that the plaintiff, as a salesman for defendant, was to receive a commission to be calculated on a sliding scale of percentages based upon gross profits to the defendant corporation. It is alleged that in November, 1952, the plaintiff discovered that the defendant had not paid the proper rate of commission based upon the gross profit derived from the sale of certain articles. It is further alleged that the defendant admitted the improper calculation of the commissions and agreed to give the plaintiff an accounting, and that although the promised accounting was never rendered, the defendant in July, 1953, paid the plaintiff $2,000 on account of the extra amount due him.
In November, 1952, the complaint continued, the parties expressed dissatisfaction with the terms of the employment because of the necessity for the many computations upon individual sales, and a new agreement was entered for the year 1953, whereunder the plaintiff was to be paid a weekly salary and expense account plus 20% of the net profits before the computation of corporate income taxes at the end of the calendar year. The plaintiff states that during 1953 he received $5,000 on account of his right to 20% of the profits but that he never received the promised accounting.
It is further alleged that at the end of the year 1953 the parties altered the salary and expense account agreement but adhered to the 20% commission agreement, and that plaintiff received a payment of $2,000 in 1954 on account of his commissions but never received the promised accounting.
*553 An accounting is sought in equity because of the alleged complexity of the transactions extending over a long period of time, the necessity of discovering facts known only to defendant, and the fiduciary relationship which existed between the parties.
Defendant moved to dismiss the complaint for failure to state a claim cognizable in equity and because plaintiff had an adequate remedy at law. The motion was denied, and defendant answered, denying that the contracts of employment were those set forth in the complaint and alleging that the sums paid to the plaintiff during 1953 and 1954 in addition to salary were bonuses voluntarily given. Defendant also filed a counterclaim, which need not concern us here.
Subsequently, plaintiff propounded to defendant the interrogatories in question, requesting, in substance, that defendant state the following:
(a) The cost for the period from July 1, 1951 to November 30, 1952, of every item sold by the defendant through the agency of the plaintiff, the preferential discounts obtained by defendant from its suppliers and the percentage of profit derived by the defendant from each sale.
(b) For the period from January 1, 1953 to December 31, 1953, and also for the period from January 1, 1954 to December 31, 1954.
1. Gross sales (with supporting schedules)
2. Returned sales and allowances (with supporting schedules)
3. Net sales
4. Costs of goods sold, indicating:
a. Inventory as of January 1, 1953, 1954
b. Merchandise purchased
c. Inventory as of December 31, 1953, 1954
5. Gross profit on sales
6. Selling expenses (with supporting schedules)
7. Net profit on operations before computation of corporate income taxes.
To these interrogatories defendant filed objections which, when stripped of verbiage, reveal two main grounds: (1) that the interrogatories are oppressive and unduly burdensome, and (2) that they are irrelevant to the issue in the cause, which is the nature of the contract of employment between plaintiff and defendant. As stated above, these objections were overruled, after hearing, by the order challenged here.
30 F.S.A. Rule 1.27, 1954, Florida Rules of Civil Procedure, under which the interrogatories were propounded, is similar to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and contains similar cross-references to other rules which make it clear that the permissible scope of discovery by interrogatories to parties as wide as that available by deposition upon oral examination. Thus "any matter, not privileged, which is relevant to the subject matter involved in the pending action" may be inquired into. Rules 1.27 and 1.21(b), 1954 Florida Rules of Civil Procedure. It will be noted that the test is relevancy to the subject matter of the action rather than to the precise issues framed by the pleadings. See 4 Moore's Federal Practice, Sec. 33.15, p. 2296 and Gutowitz v. Pennsylvania R. Co., D.C. E.D.Pa. 1945, 7 F.R.D. 144. With this broad scope of discovery, however, safety-valves must be and are provided. On seasonable objection by the party interrogated, the court may enter an appropriate protective order. Dilatory tactics by the use of such objections are not to be encouraged, and the trial court has a wide discretion in its treatment of discovery problems which we will not ordinarily disturb.
In the case before us, we cannot say that, as a matter of law, the interrogatories, or any of them, showed on their face that the party interrogated required *554 the protection of the court from "annoyance, expense, embarrassment, or oppression" under Rules 1.27 or 1.24(b). The burden of proving the validity of objections is, of course, upon the objecting party. Kainz v. Anheuser-Busch, Inc., D.C.N.D.Ill. 1954, 15 F.R.D. 242; Pappas v. Loew's Inc., D.C.M.D.Pa. 1953, 13 F.R.D. 471; Mall Tool Co. v. Sterling Varnish Co., D.C.W.D. Pa. 1951, 11 F.R.D. 576; Glick v. McKesson & Robbins, Inc., D.C.W.D. Mo. 1950, 10 F.R.D. 477; Bowles v. Safeway Stores, Inc., D.C.W.D.Mo. 1945, 4 F.R.D. 469; Blanc v. Smith, D.C.S.D. Iowa 1943, 3 F.R.D. 182. We have before us no record of what transpired below at the hearing on the objections. We are therefore unable to determine what, if any, showing was made by the defendants as to the size of its business, or the magnitude of the task of furnishing the information sought by the plaintiff. The record thus falls far short of that which would be required to show an abuse of discretion upon this aspect of the case.
Since there is no claim of privilege, the only point remaining to be considered is that of relevancy of the interrogatories at the present stage of the litigation. The defendant petitioner contends that the plaintiff is prematurely seeking discovery as to items of account before it has been established that he is entitled to an accounting. Is such discovery "relevant to the subject matter" of the action? This resolves itself into the broader question of the propriety of allowing discovery before trial as to the relief sought.
The Supreme Court of the United States had occasion to consider this question in 1933 in Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 737, 77 L.Ed. 1449. Professor Moore quotes the following enlightening language from the opinion in that case, which, he states, is still good law under the Federal Rules (4 Moore's Federal Practice, Sec. 26.18, p. 1072):
"The remedy of discovery is as appropriate for proof of a plaintiff's damages as it is for proof of other facts essential to his case. * * *
* * * * * *
"There are times when a suit is triable in separate parts, one affecting the right of liability, and the other affecting the measure of recovery. In suits of that order a discovery as to damages will commonly be postponed till the right or liability has been established or declared. * * *
"A different situation is presented where the action is at law and is triable by judge and jury. There interlocutory judgments are unknown * * *. In such circumstances damages may be proved with the aid of a discovery, if the complication of accounts or other practical impediments make it necessary that the evidence be sifted in advance. * * *
* * * * * *
"To hold that the plaintiff in an action at law may have discovery of damages is not to say that the remedy will be granted as of course, or that protection will not be given to his adversary against impertinent intrusion. * * * It is all a matter of discretion. * * *"
As an example of a suit triable in separate parts, Professor Moore refers to a patent infringement suit where the plaintiff seeks an injunction and an accounting. In such a suit, the court will not ordinarily permit the plaintiff to obtain discovery as to the accounting until after the question of whether the plaintiff has a right to an accounting has been determined. See Zenith Radio Corp. v. Dictograph Products Co., Inc., D.C.D.Del. 1947, 6 F.R.D. 597, and the numerous federal cases in accord cited in 4 Moore Section 26.18, p. 1072, n. 2.
Is the instant case, like a patent case, triable in two separate parts? In Manning v. Clark, Fla., 56 So.2d 521, 523, we said, speaking of the ordinary equity suit for an accounting:
"It is well settled that in suits for an accounting, where the answer does not admit the allegations of the complaint *555 and there is no consent to entry of a decree, the proper practice is for the court to determine the initial question of plaintiff's right to an accounting, and an accounting may then be decreed if the finding is in favor of plaintiff upon the preliminary issue. Warden v. Richardson, 203 Okla. 474, 223 P.2d 338; Ewalt v. Hudson, Mo. App., 223 S.W.2d 132; Larson v. Crescent Planing Mill Co., Mo. App., 218 S.W.2d 814; Jackson v. Elmont Cemetery, Sup., 80 N.Y.S.2d 407; Harris v. Young, 298 Ill. 319, 131 N.E. 670; 1 Am.Jur. 306; 1 C.J.S., Accounting, § 40, p. 680."
It thus appears that the question must be answered in the affirmative, and that discovery as to the accounting must be deferred until the preliminary issue of the right to the accounting is settled.
Plaintiff contends, however, that he must prove, among other things, the complicated nature of the account, to remain in equity, and that the interrogatories are directed to this end. But a review of the interrogatories reveals that they are directed to actual money amounts, not to the nature of the contracts or the number of sales or character of the records kept. The complicated nature of the accounts may be subjected to discovery and proved without seeking compilations of figures which anticipate the accounting and which will be useless if the plaintiff cannot prevail upon the preliminary issue. We are constrained to hold, therefore, that the order overruling the objections at this stage of the case was in error.
Certiorari is granted, the challenged order is quashed, and the cause is remanded for further proceedings not inconsistent with this opinion, without prejudice to the plaintiff to propound further interrogatories or employ other methods of discovery not in conflict with the principles we have stated above.
So ordered.
DREW, C.J., THORNAL, J., and PRUNTY, Associate Justice, concur.