266 So.2d 398 (1972)
Benjamin D. WOOD, Appellant,
v.
Patrick D. BRACKETT, Appellee.
No. Q-406.
District Court of Appeal of Florida, First District.
September 19, 1972.
*399 Jerry A. Funk, of E. Coleman Madsen Law Offices, Jacksonville, for appellant.
No appearance for appellee.
CARROLL, DONALD K., Acting Chief Judge.
The defendant in an accounting action has taken this interlocutory appeal from an order entered by the Circuit Court for Duval County granting the plaintiff's motion to produce certain books, records, and papers of a laundromat business owned and operated by the defendant in which business the plaintiff claimed a partnership interest.
The principal question presented for our determination in this interlocutory appeal is whether the court erred in granting the said motion without having determined the plaintiff's right to an accounting.
In its brief the defendant relies upon the decision of the District Court of Appeal, Fourth District of Florida, in Cay Construction Co. v. Conlee Construction Co., 200 So.2d 563 (Fla.App. 1967). In that case Conlee filed an action for an accounting and later filed a motion to produce certain documents in Cay's possession. The trial court ordered the production. In reversing the trial court, the District Court of Appeal cited the decision of the Supreme Court of Florida in Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla. 1956), which sets out the rule in Florida that in an action for an accounting there are two triable issues: the first of these being the right to an accounting. This issue must be decided first before the court can enter orders requiring production of documents related solely to the second issue, the accounting itself.
In the more recent case of Stanton Investment Co. of Missouri v. Simon, 255 So.2d 557 (Fla.App. 1971) a plaintiff filed an action in trespass and the defendant counterclaimed for an accounting and other relief. The trial court entered an order requiring the plaintiff to produce certain documents, records, and papers. In its decision quashing the said order, the Second District Court of Appeal said:
"Prior to granting appellees' motion to produce, appellant argues, and we agree, that the trial court should have determined whether appellees had a right to an accounting... . It appears from the record on appeal that the trial court failed to determine such right; therefore, the discovery sought by appellees must be deferred until this preliminary issue is settled."
The obvious reason for the foregoing rule is probably that, without the rule, any person could inspect the private records of another by the simple device of filing a complaint against the latter asking for an accounting.
In the case at bar the court had not determined that the plaintiff had a right to *400 an accounting when it entered the order appealed from.
In this appeal we are not favored with a brief filed by the appellee so we do not have the advantage of knowing the views and reasoning of the able trial judge who entered the order appealed from.
From the foregoing reasons the order appealed from herein should be, and it is, quashed, and the cause is remanded with directions for further proceedings consistent with the views set forth above.
Quashed and remanded with directions.
RAWLS and JOHNSON, JJ., concur.