419 So.2d 725 (1982)
The COLONIES CONDOMINIUM ASSOCIATION, INC., a Florida Corporation Not for Profit, Petitioner,
v.
CLAIRVIEW HOLDINGS, INC., a Florida Corporation, Clairview Holdings, a Florida General Partnership, and Jack L. Butcher, Respondents.
No. 82-81.
District Court of Appeal of Florida, Fifth District.
September 15, 1982.
*726 Michael J. Jahn, of Peirsol, Boroughs, Grimm & Bennett, Professional Ass'n, Orlando, for petitioner.
Thomas F. Lang of Swann & Haddock, P.A., Orlando, for respondents.
FRANK D. UPCHURCH, Judge.
Petitioner, the Condominium Association, seeks a writ of certiorari to quash a protective order. The order provided "that without further order of this court, [respondents] do not have to produce ... any records or documents relating to that period of time subsequent to the `turn-over' of the Condominium Association... ."
Petitioner filed suit against respondents (the developer and former director of the Association) for fraudulent misrepresentations and various breaches of fiduciary duties. The complaint was in seven counts, two of which specifically demanded an accounting. The documents sought are financial records related directly to the accounting counts.
Generally, a party must show that he is entitled, at least preliminarily, to the accounting before he is entitled to discovery of financial records. Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla. 1956); Bartolucci v. Bartolucci, 399 So.2d 448 (Fla. 5th DCA 1981); Giammaresi v. Parker, 326 So.2d 243 (Fla. 4th DCA 1976).
Here, the records denied by the court can have relevance only to the accounting and not to petitioner's right to an accounting. In these circumstances, the court's refusal to order discovery was not a departure from the essential requirements of law and we therefore DENY the petition for writ of certiorari.
DAUKSCH, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I would issue a Writ of Certiorari and quash the trial court's protective order for the reasons discussed below.
Petitioner, the Condominium Association, sued the developer and former director of the Association for fraudulent misrepresentation and various breaches of fiduciary duties. During the course of discovery petitioner served a request to product certain financial documents. The respondents complied and the documents were in fact inspected by the petitioner. Because photocopying services were not available where the deposition was taken, petitioner marked the items that it desired to have copied, and counsel for respondents agreed to provide petitioner with copies. A month later respondents refused to furnish the copies. When petitioner sought to compel production the respondents obtained a protective order barring the discovery. The order sought to be reviewed holds that the respondents do not have to produce any of their financial records relating to that period of time subsequent to the turnover of the Condominium Association to petitioner.
The discovery in this case is not a "fishing expedition." Petitioner requested that the respondents produce financial documents *727 only for the year preceding and the year following the takeover of the Association by petitioner. Those documents were in fact produced and inspected. Having actually seen the documents, petitioner determined that certain items were relevant to this cause of action.
The cause of action in this case requires proof of fraudulent misrepresentations and breach of fiduciary duties. This is not an easy task at best. The scope of discovery should be more generous, not less, than usual.[1] Here respondent does not claim privilege or undue hardship.[2] Its sole reason for limiting discovery is that the year after the transfer is not relevant as a matter of law. Fla.R.Civ.P. 1.280(c) (1982). However, records relating to transactions after the transfer could well lead to discovery of misappropriations of assets wrongfully retained or disposed of by the fiduciary, which is the proper scope of discovery under Florida Rule of Civil Procedure 1.280(b) (1982). In so restricting the scope of discovery, the trial court clearly erred.
Denying petitioner the opportunity to prove its case by comparing pre-turnover and post-turnover financial documents could make proof of petitioner's cause of action difficult if not impossible. Appeal is not a realistic remedy under these circumstances because a petitioner can rarely show that this error caused it to lose its suit. See Travelers Indemnity Company v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980). In most cases, a plaintiff has no idea what it might have learned, had inquiry been allowed pursuant to the Rules. Here petitioner has seen the document it needs to prove its case, and will not now obtain them. Barring discovery in this case (in my judgment) constitutes a departure from the essential requirements of law. Young, Stern & Tannenbaum, P.A. v. Smith, 416 So.2d 4 (Fla. 3d DCA 1982); Colonial Penn Insurance Company v. Blair, 380 So.2d 1305 (Fla. 5th DCA 1980); Springer v. Greer, 341 So.2d 212 (Fla. 4th DCA 1976); Reynolds v. Hofmann, 305 So.2d 294 (Fla. 3d DCA 1974); Brennan v. Board of Public Instruction, 244 So.2d 463 (Fla. 4th DCA 1971); Leithauser v. Harrison, 168 So.2d 95 (Fla. 2d DCA 1964).
The majority opinion misses the point in this case. Petitioner alleged that respondent failed to account for assets and did not turn over the documents and funds required by section 718.301, Florida Statutes (1981). Proof that a year after the turnover respondent had these assets in its possession would be highly relevant and persuasive. Section 718.301(4), Florida Statutes (1981), provides a list of items that a developer who is relinquishing control of the association must deliver to the association, if applicable, including "[t]he financial records, including financial statements of the association, and source documents since the date of incorporation of the association through the date of turnover." § 718.301(4)(c), Fla. Stat. (1981). The language of the statute, however, clearly states that the list is not exclusive. Accordingly, petitioner was entitled to an accounting, based on the record in this case. The existence of the respondent's prior fiduciary relationship vis-a-vis petitioner was not disputed or controverted by respondents.
NOTES
[1] Volusia County Bank v. Bigelow, 45 Fla. 638, 33 So. 704 (1903); see Adams v. Royal Exchange Assur., 62 So.2d 591 (Fla. 1953).
[2] When the documents were originally produced, respondent failed to file any objections to the discovery, although it now claims it would violate respondent's privacy and be inflammatory. In any event, these objections came too late. See Insurance Co. of N. Am. v. Noya, 398 So.2d 836 (Fla. 5th DCA 1981).