427 So.2d 273 (1983)
C. Allen PEELE, As Trustee, and C. Allen Peele, Individually, Petitioner,
v.
HIBISCUS REALTY, INC., a Florida Corporation, Respondent.
No. 82-2884.
District Court of Appeal of Florida, Second District.
February 16, 1983.
Rehearing Denied March 2, 1983.
*274 Justin R. Lumley of Stolba, Lumley & Dillinger, P.A., St. Petersburg, for petitioner.
Anthony S. Battaglia and Stephen J. Wein of Battaglia, Ross, Hastings, Dicus & Andrews, St. Petersburg, for respondent.
GRIMES, Judge.
This petition for certiorari involves the recurring dispute over the extent to which discovery may be had in a suit for accounting.
Petitioner (Peele), as the general partner, and respondent (Hibiscus), as the limited partner, entered into a limited partnership agreement for the development of certain real estate. Subsequently, Hibiscus brought suit against Peele alleging that even though all of the real estate had been sold, Peele refused to make a complete accounting of the partnership affairs or to pay Hibiscus its percentage of the profits and assets. Hibiscus prayed for an accounting, an injunction and compensatory and punitive damages.
Shortly after the filing of the complaint, Hibiscus served Peele with interrogatories and a request for production of documents. Peele objected on the ground that Hibiscus's discovery efforts were premature because there had been no determination that Hibiscus was entitled to an accounting. The court entered an order limiting Hibiscus's discovery to matters concerning its right to an accounting.
Peele then filed a counterclaim asserting that in the conduct of the partnership business he had advanced money for which he was entitled to be reimbursed by Hibiscus. Peele requested an accounting of the partnership and a judgment against Hibiscus for amounts owed to him. In addition, Peele conducted discovery, without objection by Hibiscus, which was not limited to the issue of the right to an accounting.
Hibiscus then filed a motion to compel full discovery by Peele. Hibiscus also moved for the court to establish the procedure for a bifurcated trial in the event of the continued limitation on its discovery. Following a hearing, the court receded from its prior protective order and ordered Peele to fully respond to Hibiscus's discovery requests.
Subject to certain well-recognized exceptions, civil litigants are entitled to full discovery of all matters relevant to the *275 issues of their case. Fla.R.Civ.P. 1.280 and 1.350. This generally includes discovery on damage issues. Tennant v. Charlton, 377 So.2d 1169 (Fla. 1979). However, a special limitation on discovery in suits for accounting has developed. Adopting the rule followed in the federal courts in some patent infringement suits, Florida has chosen to limit discovery to matters relating to the right to an accounting until such time as an accounting is deemed proper. Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla. 1956); David v. Tansill, 297 So.2d 84 (Fla. 4th DCA 1974). This limitation is predicated on the theory that a suit for an accounting requires a bifurcated proceeding in which the party seeking the accounting must first establish his right to it. A-1 Truck Rentals v. Vilberg, 222 So.2d 442 (Fla. 3d DCA 1969).
Where the only issue is the entitlement to an accounting, this rule serves the laudable purpose of obviating the need for the opposing party to produce his records of account until it is determined that he is obligated to do so. See Wood v. Brackett, 266 So.2d 398 (Fla. 1st DCA 1972). In practice, however, the rule is not so easily applied. Often, it is difficult to separate what constitutes legitimate discovery concerning the right to an accounting from discovery of matters which go to the accounting itself. In many suits, a prayer for an accounting is only one of several remedies which are sought. Certainly, the fact that a party has requested an accounting should not limit his right to discovery on the issues presented by his other claims for relief. Finally, in actual practice, the request for an accounting is sometimes subsumed within the other issues and all of them are tried at one time.
In the framework of the foregoing discussion, we address the issue in this case. While Hibiscus does request relief other than an accounting, its basic theory is that Peele, as the general partner, has the fiduciary obligation to account to Hibiscus, as the limited partner, for the profits of the partnership. This is a classic cause of action for an accounting. Boyd v. Walker, 251 So.2d 332 (Fla. 3d DCA 1971). In light of the Florida rule, the court in the first instance properly refused to permit Hibiscus to engage in full discovery. However, in Peele's counterclaim, he requested "that the said limited partnership be dissolved and an accounting taken of all dealings and transactions thereof." He also conducted a broad range of discovery without regard to whether the items sought may have been beyond the scope of the issue of his right to an accounting.
This case is somewhat analogous to Bartolucci v. Bartolucci, 399 So.2d 448 (Fla. 5th DCA 1981), in which the defendant in a suit for accounting sought certiorari to quash an order permitting full discovery. The court recognized the rule which limits discovery in accounting suits until the right to an accounting is established, but said:
Although it would have been better for the trial court to have specifically found that the plaintiff was entitled to discovery because she was entitled to an accounting, we can determine from the answer and counter-claim of the petitioner that respondent does have a right to an accounting. For instance, it is admitted that the parties are joint owners of the property, the petitioner has received money from the operation of the property and in the past has made accountings to the respondent. It has not been shown the order requiring discovery departs from the essential requirements of law so the petition must be denied.
399 So.2d at 448.
On the face of the pleadings, both parties ask for an accounting of the activities of the partnership. While there has been no formal determination of the right to an accounting, the need for one appears inevitable. The court said as much at the hearing in response to arguments by Peele's attorney:
I recognize what you're saying. I don't think necessarily there has been a waiver by your file, but I think equitably, if nothing else, since you all filed for an accounting, I see no reason why we can't get this whole thing going.
*276 Peele's counsel later seemed to acquiesce in the court's ruling when he agreed that there was no need to have a bifurcated proceeding. Moreover, Hibiscus is entitled to discovery in preparation of its defense to the counterclaim. Cooper v. Fulton, 117 So.2d 33 (Fla. 3d DCA 1960).
We see no departure from the essential requirements of law in allowing Hibiscus to conduct full discovery.
CERTIORARI DENIED.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.