513 So.2d 784 (1987)
Salem G. ZEBOUNI, Petitioner,
v.
Phillip L. TOLER, Respondent.
No. BT-128.
District Court of Appeal of Florida, First District.
October 12, 1987.
Herbert R. Kanning and Jack W. Shaw, Jr., of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for petitioner.
W. Thomas Copeland of Simpson & Mattson, Jacksonville Beach, for respondent.
NIMMONS, Judge.
In a suit for an accounting and other relief, defendant/petitioner, Zebouni, seeks certiorari review of a discovery order compelling petitioner to produce certain business and personal financial records. We grant certiorari.
In March 1985, petitioner and plaintiff/respondent Toler entered into a written partnership agreement to form Pavillion Villas and Condominiums, a Florida partnership. The purpose of Pavillion was to develop a certain parcel of real property, owned by petitioner, into a condominium project. Respondent paid petitioner $60,000 for a 25% interest in Pavillion. There is substantial disagreement between the parties as to the terms of the agreement. Respondent claims that for his $60,000 he also purchased a 25% interest in the real property, a contention that petitioner denies.
In mid-November 1985, plans for the project terminated due to failure to obtain *785 the necessary permitting and licensing. According to petitioner, this terminated the partnership. Petitioner then began developing on his own upon the above property a motel project known as "Seascape Studios."[1]
Respondent filed this action in equity seeking an accounting, dissolution of the partnership, and other relief, claiming that petitioner violated his fiduciary duty to respondent by dissipating the assets of Pavillion by use of the same for the development of Seascape Studios.
Respondent filed a request for production of all books, ledgers, bills, accounts, and banking statements relating to Pavillion and to Seascape Studios. Respondent further requested all savings and checking accounts and statements in which petitioner has any interest. Upon petitioner's objection to the requests for information concerning himself and Seascape Studios, respondent moved for and obtained an order compelling production, the order which is the subject of this certiorari proceeding.
In a suit for an accounting, discovery in the first stage is ordinarily limited to matters relevant to the establishment of the right to an accounting and, if such a right is established, discovery proceeds in the second stage to the actual accounting. Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla. 1956); Wood v. Brackett, 266 So.2d 398 (1st DCA 1972); Trawick, Trawick's Fla.Prac. and Proc. § 37-12 (1986 ed.).
A premature order for discovery as to matters relating solely to the accounting itself is a departure from the essential requirements of law, and the recognized remedy is a writ of certiorari quashing the order. Drs. Weiland, Keiser, Jones, Shufflebarger, Cooper, P.A. v. Tindall, 372 So.2d 505 (Fla. 3d DCA 1979); National Shirt Shops, Inc. v. His & Hers, Inc., 451 So.2d 892 (Fla. 5th DCA 1984); Harris v. Zeesman, 445 So.2d 680 (Fla. 4th DCA 1984).
Here the trial court made no explicit finding that respondent is entitled to an accounting. But respondent's complaint alleged, and petitioner's answer admitted, that the partnership agreement called for "Pavillion to render just accountings at the request of either party." Hence, argues respondent, the right to an accounting has been finally established by the pleadings and there is no need for an order or judgment so finding.
Respondent is correct that a formal finding of the right to an accounting is not always required. In Bartolucci v. Bartolucci, 399 So.2d 448 (Fla. 5th DCA 1981), the court noted that, although a specific judicial finding of a right to an accounting is preferred, the answer and counterclaim of petitioner Bartolucci established respondent Bartolucci's right to an accounting. Petitioner Bartolucci had admitted joint ownership of the property in question with respondent Bartolucci, had received money from the operation of the property, and had made past accountings to respondent Bartolucci.
Also, in Peele v. Hibiscus Realty, Inc., 427 So.2d 273 (Fla. 2d DCA 1983), Hibiscus had initially sued Peele for an accounting. Peele then filed a counterclaim, also for an accounting. Both claims concerned the partnership formed by Peele and Hibiscus. Peele conducted discovery, without objection by Hibiscus, that went beyond the issue of Peele's right to an accounting. When the trial court then ordered comparable full discovery for Hibiscus, Peele petitioned for certiorari. The Second District denied certiorari on the ground that, based upon these facts, Peele had lost the right to object to discovery even though no right to accounting had been formally adjudicated.
Bartolucci and Peele are readily distinguishable from the instant case. Even if we accept respondent's contention that petitioner has conceded the issue of respondent's right to an accounting, we find that respondent reads too much into petitioner's concession, which must be based upon the *786 answer filed on behalf of petitioner. Petitioner maintains that the scope of any admission of a right to an accounting was limited to the records of Pavillion, which petitioner has already offered to produce.
The parties' disagreement on the scope of petitioner's admission reflects their basic and substantial disagreement regarding the terms of their partnership agreement. Respondent paid petitioner $60,000 for a 25% interest in Pavillion. According to respondent, petitioner assured him that this included a 25% interest in the real property.[2] Petitioner denies this and insists that Pavillion had no interest in the property and that respondent therefore received no interest in the property. Petitioner further asserts that no assurances were made except as reflected in the written partnership agreement. Petitioner also claims by way of defense that the failure to obtain the needed permitting and licensing for the initial development project caused the partnership to terminate for failure of its purpose.
In the instant case, the scope of any accounting right is impossible to delineate until the scope of the agreement yielding such right is determined. See Aly Handbags, Inc. v. Rosenfeld, 305 So.2d 56 (Fla. 3d DCA 1974) (when issues are raised as to the necessity and scope of an accounting, court must first determine that moving party is entitled to an accounting before order therefor can be entered); Filmways Pictures, Inc. v. Marks Polarized Corp., 552 F. Supp. 863, 866 (S.D.N.Y. 1982) (allowance of an accounting held "premature since the terms of the agreement which would set the parameters of the accounting have not yet been determined.")
A recent case which merits our attention is Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). The issue there dealt with the appropriateness of an appellate court reviewing by certiorari the trial court's denial of a motion to strike a claim for punitive damages. In particular, the question was whether the traditional availability of certiorari review of orders compelling discovery vests appellate courts with the authority to review by certiorari a denial of a motion to strike a claim for punitive damages, understanding that a claim for punitive damages opens up the defendant's personal finances to discovery. The Court held that such an order is not reviewable by certiorari. The Court went further, however, making the rather broad statement that "we do not believe the harm that may result from discovery of a litigant's finances is that type of irreparable harm contemplated by the standard of review for certiorari." Id. at 1099. While certiorari review of discovery orders was not directly before the Supreme Court, at least one of our sister courts has applied Martin-Johnson to a petition for certiorari review of a discovery order. Short v. Fleetwood Motor Homes of Pennsylvania, Inc., 511 So.2d 747 (Fla. 5th DCA 1987).[3]
We are not, however, persuaded that Martin-Johnson precludes certiorari review in the instant case. A suit for accounting is a special type, bifurcated proceeding. As then-Judge Grimes observed in a general discussion of relevance in discovery in Peele v. Hibiscus Realty, Inc., supra, "a special limitation on discovery in suits for accounting has developed." Id. at 275. Certiorari review of premature discovery orders in suits for accounting has served over the years the salutary purpose of maintaining the integrity of the bifurcated nature of such proceedings. We do not find in Martin-Johnson an intent to abandon this long-standing policy which was *787 embraced by the Supreme Court in Charles Sales Corp. v. Rovenger, supra.
Respondent has suggested independent grounds of relevance to justify requiring production of petitioner's financial records. Specifically, he alleges that the information in question is needed to establish petitioner's misappropriation of funds and to follow the direction of such funds. Furthermore, respondent seeks relief beyond the accounting itself, i.e. the return of his funds and an award of damages against petitioner for any deficiency. Nevertheless, this is essentially an accounting action with the attendant procedural requirements. In Peele, supra, the plaintiff had brought an action for accounting, an injunction, and compensatory and punitive damages. The court observed:
While Hibiscus does request relief other than an accounting, its basic theory is that Peele, as the general partner, has the fiduciary obligation to account to Hibiscus, as the limited partner, for the profits of the partnership. This is a classic cause of action for an accounting.
Id. at 275. Likewise, in Colonies Condominium Association, Inc. v. Clairview Holdings, Inc., 419 So.2d 725 (Fla. 5th DCA 1982), the complaint had alleged various types of wrongdoing and was in seven counts, two of which demanded an accounting. Over a strong assertion that the information was needed to prove plaintiff's case, the trial court's protective order was upheld on the ground that no right to an accounting had yet been established.
Accordingly, we grant certiorari, quash the order compelling production, and remand for further proceedings consistent with this opinion.
MILLS and WENTWORTH, JJ., concur.
NOTES
[1] The parties at times refer to this project as "Seascape Studios," and at other times as "Seaside Studios."
[2] We should make it clear that there has been no evidentiary hearing. The facts and contentions set forth in this opinion are derived from the pleadings.
[3] In Short the petitioners sought certiorari review of an order compelling production of their personal financial records. The District Court stated that it found no justification for the order but went on to state:

We perceive error, then, and would grant the writ, and were prepared to do so, but as preparations to do so had been begun the supreme court issued its opinion in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). This ruling of our supreme court takes from petitioners their right to seek review of the order. We are bound to deny the writ.
511 So.2d at 748.