635 So.2d 149 (1994)
PICERNE DEVELOPMENT CORPORATION OF FLORIDA and Robert M. Picerne, as general partners of Picerne West Palm Partners, Ltd., Petitioners,
v.
TASCA & ROTELLI, Respondent.
No. 94-0086.
District Court of Appeal of Florida, Fourth District.
April 20, 1994.
Rehearing Denied May 17, 1994.
*150 Janet M. Courtney of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for petitioners.
Kathy A. Metzger of Kohl, Metzger, Spotts, P.A., Stuart, for respondent.
PARIENTE, Judge.
Petitioners (defendants) seek certiorari review of a discovery order compelling them to produce extensive business records of a real estate partnership in which respondent (plaintiff) is a 5% limited partner. The issue presented is whether the trial court's ruling constitutes a departure from the essential requirements of law because it violates the oft-cited principle "that discovery as to the accounting must be deferred until the preliminary issue of the right to the accounting is settled." Charles Sales Corp. v. Rovenger, 88 So.2d 551, 555 (Fla. 1956).E.g., Harris v. Zeesrnan, 446 So.2d 680 (Fla. 4th DCA 1984); David v. Tansill, 297 So.2d 84 (Fla. 4th DCA 1974); Zebouni v. Toler, 513 So.2d 784 (Fla. 1st DCA 1987); Wood v. Brackett, 266 So.2d 398 (Fla. 1st DCA 1972).
A writ of certiorari is the proper remedy for a premature discovery order in a suit for an accounting. See Harris; Zebouni Although all cases granting certiorari in accounting actions, other than Zebounz, were decided before Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987), we agree with the reasoning of Judge Nimmons in Zebouni:
A suit for accounting is a special type, bifurcated proceeding. As then-Judge Grimes observed in a general discussion of relevance in discovery in Peele v. Hibiscus Realty, Inc., [427 So.2d 273 (Fla. 2d DCA 1983)] ... "a special limitation on discovery in suits for accounting has developed." Id. at 275. Certiorari review of premature discovery orders in suits for accounting has served over the years the salutary purpose of maintaining the integrity of the bifurcated nature of such proceedings. We do not find in Martin-Johnson an intent to abandon this long-standing policy which was embraced by the Supreme Court in Charles Sales Corp. v. Rovenger. ...
513 So.2d at 786-87.
The plaintiff brought a three-count complaint against defendants for an accounting of the limited partnership business (count D, partition and sale of the apartment complex which is partnership property (count II) and declaratory relief concerning plaintiff's right to sell its partnership interest (count III). The defendants deny plaintiff's entitlement to an accounting. The essence of the dispute between the parties is whether plaintiff's right to sell (termed a "put") its partnership interest to defendants is superior to defendants' right to purchase ("buy-out") plaintiff's interest. This factual determination is critical because the valuation of the limited partnership interest set forth in the partnership agreement will be calculated by different formulas, depending upon whether plaintiff's right to "put" its interest takes precedence over the defendants' election of their option *151 to "buy-out" plaintiff's interest. There is a substantial difference in valuation depending on which formula is applied. According to plaintiff's complaint, the purchase price to which it is entitled under the "put" provision is approximately $400,000; whereas, the offered "buy-out" price is approximately $15,000. Defendants claim a superior right to "buy-out" plaintiff's interest based on an alleged attempt by plaintiff to assign its partnership interest to another party in contravention of the partnership agreement.
Plaintiff filed a request for production seeking thirty-six separate categories of documents, books, records and papers, including financial records and contracts. Defendants' timely filed objections were heard by the trial court. They agreed to produce information requested in four paragraphs relating to the only financial records to which they claim plaintiff is entitled as a limited partner. The trial court sustained objections to certain other paragraphs pertaining primarily to correspondence, but ordered the majority of the requested information produced. We do not have the benefit of a transcript of the hearing nor the trial court's basis for compelling the production over defendants' stated objection that plaintiff "has not yet established its right to an accounting in this action." The trial court's order contains no findings indicating that a preliminary basis for an accounting has been established, setting forth the scope of the accounting or otherwise finding the requested items relevant to establish the right to an accounting or other disputed factual issues. Harris; Zebouni
We recognize that at times it is difficult to separate documents relevant to the issue of plaintiff's entitlement to an accounting from the accounting itself or from other related claims for relief. See Peele v. Hibiscus Realty, Inc., 427 So.2d 273, 275 (Fla. 2d DCA 1983). We are mindful that decisions in discovery matters should ordinarily be left to the trial court's broad discretion in any given case.[1] Nevertheless, we are governed by the dictates of Charles Sales Corp. and its progeny. We are unable to determine whether the discovery is relevant to the issue of entitlement, the other related causes of action[2] or other disputed factual issues based on the record before us or from the nature of the documents requested. See Zebouni, 513 So.2d at 786-87. The scope of any accounting in this case and the right to the documents requested may be governed by a determination as to whether plaintiff's "put" right prevails over defendants'"buy-out" right. See id. at 786. If any of the requested discovery is relevant to this factual issue, then part or all of the requested discovery may be justified.
Accordingly, we grant the writ of certiorari and quash the order on appeal without prejudice to the trial court's reconsideration of pending discovery in accordance with the principles and case authority cited in this opinion.
DELL, C.J., and KLEIN, J., concur.
NOTES
[1] If the only objection to the discovery was the overly broad or unduly harassing nature of the discovery, certiorari would be inappropriate. Martin-Johnson.
[2] Defendants contend the limited partnership agreement expressly prohibits a partner from bringing a partition action.