673 So.2d 523 (1996)
FLORIDA GAMING CORPORATION OF DELAWARE, f/k/a Lexicon Corporation, a Delaware Corporation Doing Business in the State of Florida, Petitioner,
v.
AMERICAN JAI-ALAI, INC., a Florida Corporation, Respondent.
No. 95-4113.
District Court of Appeal of Florida, Fourth District.
April 24, 1996.
Rehearing, Clarification or Certification Denied and Rehearing Denied June 4, 1996.
James C. Pilkey of Payne, Pilkey & Associates, Fort Lauderdale, for petitioner.
John R. Eubanks, Jr., of Moyle, Flanigan, Katz, Fitzgerald & Sheehan, P.A., West Palm Beach, for respondent.
Rehearing, Clarification or Certification Denied and Rehearing En Banc Denied June 4, 1996.
GROSS, Judge.
Petitioner, defendant in the trial court, seeks certiorari review of the trial court's order granting discovery of financial matters. Plaintiff's case turns on the claim that it entered into a binding agreement with defendant. Briefly, under the agreement, defendant was to buy a jai-alai fronton and enter into a management agreement with plaintiff. Part of plaintiff's compensation was to be 25% of all net operating income above $750,000 per year. The management agreement was for a set term and was renewable. The lawsuit contends that defendant purchased the fronton but repudiated the agreement, so plaintiff never began to perform its management function. Two counts of the amended complaint seek an accounting, contending that either a partnership or joint venture had been formed. One count seeks damages for breach of the management agreement. Two counts sound in fraud.
*524 At a hearing on plaintiff's motion to compel discovery, there was evidence that the financial information at issue was relevant to the calculation of damages under the breach of contract count. Discovery of these matters was proper, and therefore, there was no abuse of discretion below which would support a finding that the order appealed from is "a departure from the essential requirements of law." E.g. Eberhardt v. Eberhardt, 590 So.2d 1134, 1135 (Fla. 4th DCA 1992).
Even though two counts of the complaint seek an accounting, this case is not controlled by Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla.1956),[1] which holds that in an action for an accounting, discovery of financial specifics is not appropriate until the trial court has determined that the party seeking the accounting has a right to it. The existence of a fiduciary relationship such as a trust or partnership gives rise to the right to an accounting. See Armour & Co. v. Lambdin, 154 Fla. 86, 16 So.2d 805, 809-11 (1944); Moore v. Phillips, 38 So.2d 750 (Fla.1949). Application of the rule in Charles Sales Corp. requires a bifurcated proceeding where the right to an accounting is determined in the first stage of the action.
Examination of the history of the rule calls into question its mechanical application in a modern lawsuit. An accounting is an equitable action. The rule in Charles Sales Corp. developed at a time when equity and law courts were separate[2] and discovery was available in equity. See Trawick, Fla.Prac. and Proc., § 16-1. In fact, the need for discovery was one of the bases for invoking equity jurisdiction for an accounting. E.g., Armour & Co. v. Lambdin, 154 Fla. at 95-96, 16 So.2d at 809. Beginning in 1947, Florida expanded discovery and by the adoption of the Rules of Civil Procedure in 1954, discovery rules were made applicable to both law and chancery actions. Trawick, Fla.Prac. and Proc., § 16-1. Thus, the rule limiting discovery in accounting cases crystallized when discovery was the exception rather than the rule in lawsuits, long before the modern view of the scope of pretrial discovery began to develop.
After the merger of law and equity courts, accounting actions began to travel in multicount complaints with actions at law. Charles Sales Corp. involved only an equitable claim for an accounting arising out of an employment relationship; there were no counts seeking remedies at law. Cases following Charles Sales Corp. have recognized the necessity of examining both the discovery sought and the underlying action before applying the rule limiting discovery in accounting actions. In Peele v. Hibiscus Realty, Inc., 427 So.2d 273, 275 (Fla. 2d DCA 1983), the court noted in dicta that a party's request for "an accounting should not limit his right to discovery on the issues presented by his other claims for relief." Following Charles Sales Corp., this court has held that a discovery order was premature where we were "unable to determine whether the discovery was relevant to ... the other related causes of action." Picerne Dev. Corp., 635 So.2d at 151. Generally, in cases involving equitable and law claims, application of the rule limiting discovery has turned on a finding that the case was "essentially" or "primarily" one for an accounting. Peele, 427 So.2d at 275; Zebouni v. Toler, 513 So.2d 784, 787 (Fla. 1st DCA 1987); but see Colonies Condominium Ass'n, Inc. v. Clairview Holdings, Inc., 419 So.2d 725 (Fla. 5th DCA 1982). Flexibility in this area should be encouraged. Bifurcation of multicount lawsuits can be complicated, especially where there has been a jury demand and the same fact issue pervades the legal and equitable causes of action. See, e.g., Adams v. Citizens Bank of Brevard, 248 So.2d 682, 684 (Fla. 4th DCA 1971).
Where lawsuits arise from partnerships gone awry, a finding that a case is primarily *525 one for an accounting has been made where there has been some tangible performance by the parties under the alleged partnership. For example, Peele involved a limited partnership which had admittedly developed real estate; Zebouni concerned a written partnership agreement and overt acts taken to develop property; Picerne dealt with a limited partnership which owned an apartment complex. In this case, plaintiff never performed the first management function. A partnership accounting is a comprehensive investigation of transactions involving the various partners and an adjudication of their relative rights. No such analysis can be done in the case at bar, since the partnership never got off the ground. Plaintiff's suit is primarily under the contract for a lost expectancywhat it would have earned in the future had it been able to perform. Under these circumstances, the trial court properly determined that the rule limiting discovery in accounting actions does not apply. Because there has been no departure from the essential requirements of law, the petition for writ of certiorari is denied.
PARIENTE, J., concurs.
FARMER, J., dissents without opinion.
NOTES
[1] Petitioner relies on Picerne Dev. Corp. v. Tasca & Rotelli, 635 So.2d 149 (Fla. 4th DCA 1994), as authority for granting certiorari. That case identifies Charles Sales Corp. as the source of the rule on discovery in accounting cases.
[2] An adequate remedy at law for a dispute was a bar to an accounting action. Manning v. Clark, 56 So.2d 521, 523 (Fla.1951). Other cases point out that where an equity court had concurrent jurisdiction with a law court, equity could stay the law action if it could provide a "more complete remedy." North Am. Constr. Co. v. Olson, 131 Fla. 440, 179 So. 659 (1938); Escambia County v. Blount Constr. Co., 66 Fla. 129, 62 So. 650 (1913).