SHAHOOD, Judge.
Petitioners seek certiorari review of the trial court’s order granting discovery of tax returns and interrogatories seeking other financial information. Because we find that the trial court did not abuse the wide discretion afforded it in matters of discovery, we deny the petition for writ of certiorari.
Respondent, plaintiff below, sued petitioners, defendant below, in an amended ten count complaint for declaratory relief, imposition of constructive trust, accounting, damages for fraud, breach of fiduciary duty, *1191 conversion, breach of oral agreement, inter-pleader, derivative claim, and injunctive relief, both temporary and permanent. As a part of the discovery procedure, respondent requested tax returns from the petitioners and in addition served interrogatories seeking other financial information. The court overruled petitioners’ objections to discovery and granted respondent’s requests.
It is petitioners’ position that the trial court departed from the essential requirements of law because the right to discovery in an accounting cause of action does not exist until the trial court has first determined that the party seeking the accounting has a right to the accounting. Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla.1956). We agree with this oft-cited premise, but do not agree that this principle controls in this ease.
This court’s recent case of Florida Gaming Corp. of Delaware v. American Jai-Alai Inc., 673 So.2d 523 (Fla. 4th DCA 1996), rehearing and rh’g en banc denied (June 4, 1996), is instructive. The court in analyzing, and distinguishing the seminal case of Charles Sales Corp. stated:
After the merger of law and equity courts, accounting actions began to travel in multi-count complaints with actions at law. Charles Sales Corp. involved only an equitable claim for an accounting arising out of an employment relationship; there were no counts seeking remedies at law. Cases following Charles Sales Corp. have recognized the necessity of examining both the discovery sought and the underlying action before applying the rule limiting discovery in accounting actions. In Peele v. Hibiscus Realty, Inc., 427 So.2d 273, 275 (Fla. 2d DCA 1983), the court noted in dicta that a party’s request for “an accounting should not limit his right to discovery on the issues presented by his other claims for relief.” Following Charles Sales Corp., this court has held that a discovery order was premature where we were “unable to determine whether the discovery was relevant to ... the other related causes of action.” Picerne Dev. Corp. [v. Tasca & Rotelli] 635 So.2d [149] at 151 [(Fla. 4th DCA 1994)]. Generally, in cases involving equitable and law claims, application of the rule limiting discovery has turned on a finding that the case was “essentially” or “primarily” one for an accounting. Peele, 427 So.2d at 275; Zebouni v. Toler, 513 So.2d 784, 787 (Fla. 1st DCA 1987); but see Colonies Condominium Ass’n, Inc. v. Clairview Holdings, Inc., 419 So.2d 725 (Fla. 5th DCA 1982). Flexibility in this area should be encouraged. Bifurcation of multicount lawsuits can be complicated, especially where there has been a jury demand and the same fact issue pervades the legal and equitable causes of action. See, e.g., Adams v. Citizens Bank of Brevard, 248 So.2d 682, 684 (Fla. 4th DCA 1971).
673 So.2d at 524.
There are several reasons why the supreme court may wish to reconsider Charles Sales Corp. First, in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), the Florida Supreme Court held that production of financial information is no longer, in and of itself, a reason for courts to grant certiorari. Since Charles Sales involved the production of financial information, Martin-Johnson may have overruled it on the issue of whether certiorari should be granted. Second, Charles Sales was based on federal law, yet the rule in federal court is that the trial court may postpone discovery in accounting cases until the right is established. It is discretionary. See Kodekey Electronics, Inc. v. Mechanex Corp., 486 F.2d 449, 458 n. 10 (10th Cir.1973); Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, 144 F.R.D. 258, 263 n. 3 (E.D.Pa.1992). See also 4 James W. Moore, Moore’s Federal Practice, § 26.07[5] (1996). Third, the rule of Charles Sales was announced when we still had a distinction between law and equity, and the need for it today is questionable. Florida Gaming Corp. of Del. v. American Jai-Alai, Inc., 673 So.2d 523 (Fla. 4th DCA 1996). Fourth, a clever pleader can probably get around the Charles Sales rule by using additional theories besides accounting. Id.
Based on the foregoing analysis, we certify the following question to the Florida Supreme Court as being of great public importance:
*1192 IN A MULTI-COUNT CLAIM, WHERE ONE OF THE COUNTS IS SEEKING AN ACCOUNTING, MAY THE TRIAL COURT ORDER PRODUCTION OF FINANCIAL INFORMATION BEFORE THE COURT HAS FIRST DETERMINED THAT THE PARTY SEEKING THE ACCOUNTING HAS A RIGHT TO THE ACCOUNTING?
Addressing petitioners’ second point that the trial court departed from the essential requirements of law in ordering the production of their tax returns, we look to another recent opinion of this court which held that the production of income tax returns in a ease involving claims for accounting, fraud, breach of contract, constructive trusts, and rescission of deed would not occasion the type of irreparable harm necessary for cer-tiorari review. Eberhardt v. Eberhardt, 666 So.2d 1024 (Fla. 4th DCA 1996).
Under the circumstances of this case, the trial court was correct in its ruling determining that the rule limiting discovery in accounting actions did not apply. Because the trial court did not depart from the essential requirements of law, we deny the petition for writ of certiorari.
GLICKSTEIN, J., concurs.
STONE, J., concurs specially with opinion.