STONE, Judge,
concurring specially.
I concur in the majority opinion and certified question but would add that in my judgment, a certain tension exists among the foregoing opinion and those this court has issued in Florida Gaming Corp. of Delaware v. American Jai-Alai, Inc., 673 So.2d 523 (Fla. 4th DCA 1996), and Picerne Development Corp. of Florida v. Tasca & Rotelli, 635 So.2d 149 (Fla. 4th DCA 1994), notwithstanding that each may be factually distinguished.
Píceme may be broadly read as recognizing that, where a complaint includes a claim for an accounting among multiple .counts, an order granting discovery that would be deemed premature as to the accounting claim under Charles Sales will be reviewed under certiorari jurisdiction and quashed if the respondent fails to demonstrate a record showing that the requested discovery is relevant to one or more counts other than for an accounting.
I read Florida Gaming, broadly, as recognizing that, in such multi-count cases, we may weigh the likelihood of the respondent-plaintiffs success on the accounting count and determine whether the suit is primarily one for an accounting, and upon deciding either issue adversely to the petitioner/defendant, deny certiorari review of an order granting financial discovery.
I would follow a different course and recognize, assuming we have certiorari jurisdiction, that, where a multiple count complaint includes an accounting claim and the financial information sought may be relevant to other counts, it should be the petitioner’s burden to demonstrate to this court not only that the action is primarily one for an accounting, but also that the respondent is not entitled to the discovery sought without regard to the accounting eount(s). To the extent that it is inconsistent with this view, I would recede from Píceme.
I would also reconsider whether we are in a position, considering the limited information generally available, to pre-determine whether a claim is primarily one for an accounting — or, in fact, whether that determination even matters, if there is no basis to question the plaintiffs good faith in pleading the other counts. In my opinion, Charles Sales does not mandate that we elevate a defendant’s right to protect against financial disclosure over the plaintiffs independent discovery rights, when the plaintiff would have a right to the evidence absent a separate accounting count.
Any concerns that this suggestion may encourage counsel to circumvent the Charles Sales discovery limitation by simply adding other counts to an accounting claim, it seems to me, may be otherwise addressed by the trial court, the bar, and the rules.