# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0414
Lower Tribunal No. 2024-CA-010119-O

_____

STEPHANIE GUSS,

Petitioner,

v.

3217 CORRINE, LLC, BRIAN ALBERTSON, CARYN ALBERTSON, ERIC HOLM, and
DIANE HOLM,

Respondents.

_____

Petition for Writ of Certiorari to the Circuit Court for Orange County.
A. James Craner, Judge.

July 18, 2025

GANNAM, J.

Stephanie Guss petitions the Court for a writ of certiorari quashing the trial court's order compelling her responses to Respondents' pretrial discovery requests before determining the merits of Respondents' pure bill of discovery action. In the specific context of a pure bill of discovery, the trial court's discovery order puts the proverbial "cart before the horse," and the order is "akin to the proverbial 'cat out of the bag' discovery orders that this Court has found can cause the requisite irreparable

harm warranting the exercise of this Court's certiorari jurisdiction." *Am. Med. Sys., LLC v. MSP Recovery Claims, Series LLC*, 290 So. 3d 548, 551 (Fla. 3d DCA 2019); *see, e.g.*, *Dominguez v. Omana*, 381 So. 3d 1271, 1273 (Fla. 6th DCA 2024); *Regala v. McDonald*, 374 So. 3d 855, 858 (Fla. 6th DCA 2023). "In such instances, should this Court then conclude that the discovery order departs from the essential requirements of the law, this Court will grant the petition and quash the order." *See Am. Med. Sys.*, 290 So. 3d at 551.

Binding precedent holds, in the analogous context of an equitable action for accounting, that pretrial discovery is premature when the discovery is tantamount to the accounting sought by the action. *See Charles Sales Corp. v. Rovenger*, 88 So. 2d 551, 555 (Fla. 1956) ("[D]iscovery as to the accounting must be deferred until the preliminary issue of the right to the accounting is settled."); *see also Manning v. Clark*, 56 So. 2d 521, 523 (Fla. 1951) ("It is well settled that in suits for an accounting, where the answer does not admit the allegations of the complaint and there is no consent to entry of a decree, the proper practice is for the court to determine the initial question of plaintiff's right to an accounting, and an accounting may then be decreed if the finding is in favor of plaintiff upon the preliminary issue."). The same premature discovery principle applies in a pure bill of discovery action. *See G. H. Crawford Co. Fin. Servs. v. Goch*, 292 So. 2d 54, 55 (Fla. 3d DCA 1974) (citing *Charles Sales Corp.*, 88 So. 2d at 551); *cf. Campbell v. Knight*, 109

2

So. 577, 579 (Fla. 1926) ("All bills in equity are, in a sense, bills for discovery, but a pure bill of discovery is usually brought to obtain the disclosure of facts within the defendant's knowledge, or of deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court."). Thus, in a pure bill of discovery action, pretrial discovery is premature when identical to the discovery sought by the action. Petitioner's prematurity objections to Respondents' discovery requests were well founded, and the trial court departed from the essential requirements of the law in compelling the discovery before deciding the merits of Respondents' discovery action.

The broad discovery provisions of the Florida Rules of Civil Procedure, which "apply to all actions of a civil nature," Fla. R. Civ. P. 1.010, do not compel a different conclusion. Under the scope limitations of the Rules, discovery must be both "relevant to any party's claim or defense and proportional to the needs of the case." Fla. R. Civ. P. 1.280(c)(1). The pretrial discovery Respondents seek under the Rules is the same discovery they ultimately seek by their pure bill of discovery action. Thus, the pretrial discovery Respondents seek is not "relevant" to any "claim" until Respondents prevail on the merits of their action for the discovery. *See Charles Sales Corp.*, 88 So. 2d at 554 (concluding that whether such discovery is relevant under the Rules "resolves itself into the broader question of the propriety of allowing discovery before trial as to the relief sought"); *G. H. Crawford Co. Fin. Servs.*, 292

So. 2d at 55 ("[T]he items required to be produced could only have relevance . . . in an accounting and not to the issue of the plaintiff's right to an accounting."). Nor is Respondents' requested pretrial discovery "proportional to the needs of the case" because we cannot say, with any coherence, that Respondents need the discovery to prevail on their claim for the discovery. When discovery is the relief sought in an action, the same discovery cannot also be a proportional means to that end.

We grant the petition for writ of certiorari and quash the trial court's order compelling discovery.

PETITION GRANTED; ORDER QUASHED.

TRAVER, C.J., and STARGEL, J., concur.


Benjamin C. Iseman, of Maynard Nexsen PC, Winter Park, for Petitioner.

David A. Meek, II, of Losey PLLC, Orlando, for Respondents.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED