PER CURIAM.
Petitioner, Hotel Roosevelt, asks this court to review by way of common law certiorari the trial court’s order denying a motion to dismiss the respondents’ complaint. We granted oral argument only upon the question of jurisdiction. Petitioner seeks to distinguish the unbroken line of appellate decisions denying certio-rari from such an order upon the theory that petitioners should not be burdened with the tremendous expense of defending the voluminous complaints filed by respondents and others.
By their brief and argument, petitioners reason that this court’s opinion in Romedy v. Johnston, 193 So.2d 487 (Fla.App. 1st, 1967), is applicable to the instant complaint. In Romedy the trial court and this court were factually concerned with a plaintiff who occupied the status of a licensee, whereas in the instant cause the complaint reflects that plaintiffs hold the status of business invitees. It was not the intention of this court in its decision in Romedy to prejudge the issues involved in the instant and related causes arising out of the same catastrophe.
The appellate courts of this state have in many decisions refused to allow the extraordinary remedy of common law certiorari to be utilized by litigants as a vehicle for interlocutory review in common law actions. We hold that the remedy of common law certiorari is not available to petitioners in this case. In order that'there be no misunderstanding of this decision, it is emphasized that we have only concerned ourselves with the question of jurisdiction. In reaching this conclusion we have not con *234 sidered the question of the sufficiency or insufficiency of plaintiffs’ complaint.
By applicable provisions of the Constitution of the State of Florida, the Supreme Court possesses the rule-making' power and for a considerable time has had the authority to provide for appeals from interlocutory orders rendered in common law actions where there are factual circumstances such as those alleged to exist in this cause. As of this date it has not found it proper to provide for such interlocutory appeals. This court will not attempt to amend the established rules of procedure and the settled rules of law of this state by granting the extra-ordinary writ of common law certiorari to review interlocutory orders entered in a common law action, save for the exceptions detailed in prior opinions upon the subject.
Certiorari denied.
RAWLS, C. J., and WIGGINTON and JOHNSON, JJ., concur.