277 So.2d 289 (1973)
RADIO COMMUNICATIONS CORPORATION, a Florida Corporation; Thomas J. Brennan, D/B/a Radio Communications Corporation and Thomas J. Brennan, Jointly and Individually As Guarantor, Appellants,
v.
OKI ELECTRONICS OF AMERICA, INC., a Florida Corporation, Appellee.
No. 71-537.
District Court of Appeal of Florida, Fourth District.
May 10, 1973.
Ralph P. Ezzo and Thomas J. Brennan, Miami, for appellants.
No appearance for appellee.
REED, Chief Judge.
This is an appeal from an order by the trial court which was entered on 14 June 1971 striking the defendants' answer and counterclaim because of the failure on the part of defendants' attorneys to appear for a pre-trial conference on 25 May 1971.
The action was commenced by the filing of a complaint in the Circuit Court for Broward County, Florida. The complaint sought to recover for goods sold by the plaintiff to the defendants. The defendants' answer set up various defenses and a counterclaim for damages for breach of warranty. After a mass of pleadings and one interlocutory appeal, the trial court entered an order setting the cause for a pre-trial conference on 13 May 1971. The record before us indicates that no further orders were entered rescheduling the pre-trial *290 conference, but plaintiff filed a motion to strike defendants' pleadings on the ground that defendants failed to appear at a pre-trial conference on 25 May 1971 at 10:30 a.m. The trial court found that the pre-trial conference was rescheduled for the date mentioned in the motion at the request of and to accommodate the defendants, whose attorneys failed to appear. As a result, the trial court granted the motion and struck the answer and counterclaim. This order is the subject of the present appeal.
From a procedural standpoint, it appears to us that the order striking defendants' pleadings is not a final judgment which will support a full appeal nor is it an order in a cause formerly cognizable in equity so as to support an interlocutory appeal. We may, however, within our statutory discretion (§ 59.45, F.S. 1971, F.S.A.), treat the notice of appeal as a petition for a writ of certiorari and review the order on that basis.
The appellants do not contest the authority of the trial court to strike pleadings for failure of a party to appear at a pre-trial conference. The appellants' position is that the trial court abused its discretion because no order was entered rescheduling the pre-trial conference from 13 May to 25 May. Appellants claim they were not otherwise advised of the date for the second pre-trial conference. We have no way of knowing whether this assertion by the appellants is true or false. We do note, however, that the record before us contains no order rescheduling the pre-trial conference. In view of this and in view of the affidavit submitted by the appellants' counsel in opposition to the motion to strike the pleadings in which the appellants' counsel swore that he never received notification of the date or time for the second pre-trial conference, we hold that the trial court abused its discretion in striking the defensive pleadings and the counterclaim.
Accordingly certiorari is granted, the order under review is vacated, and the cause remanded for further proceedings.
CROSS, J., and WHITE, JOSEPH S., Associate Judge, concur.