On Motion to Dismiss and/or Quash Interlocutory Appeal

RAWLS, Chief Judge.
By an instrument entitled “Motion to Dismiss and/or Quash Interlocutory Appeal”, appellee citing Duncan v. Pullum, 198 So.2d 658 (Fla.App. 2nd 1967); Harbor Yacht Repair v. Sanger, 267 So.2d 51 (Fla.App. 3rd 1972) ; and Radio Commun. *190 Corp. v. Oki Electronics of Am., Inc., 277 So.2d 289 (Fla.App. 4th 1973), urges that the order appealed is not a proper matter to be reviewed by interlocutory appeal. The subject matter of each case cited by appellee is a matter formerly cognizable only in a law action.
An appreciation of the difference between matters formerly cognizable in law and those formerly cognizable in equity is necessary in order to understand when Florida Appellate Rule 4.2 concerning interlocutory appeals is applicable to a given cause. Florida Appellate Rule 4.2(a) provides for interlocutory appeals from all matters formerly cognizable in equity. However, the rule permits interlocutory appeals from matters formerly cognizable in law only in certain specified situations.
The order challenged in the subject interlocutory appeal concerns the termination of future alimony payments and it arises out of a divorce action between the parties. Divorce, or in modern terminology dissolution of marriage, is a subject matter which since the ecclesiastical high courts of England has been inherently cognizable in equity. Therefore, appellee’s contention that this appeal should be dismissed as it is not a proper matter for an interlocutory appeal is without merit.
However, appellee also argues that the appeal should be dismissed as it is frivolous. We agree. The subject interlocutory appeal is from an order of the trial court striking appellant’s third defense which was grounded upon the idea that an award of alimony entered into pursuant to an agreement between the parties and approved by the chancellor in his final decree is a contract between the parties and not subject to modification by the court. It is apparent from a reading of the final divorce decree that the subject property settlement does not meet the requisites for a contractual property settlement agreement as set forth in Salomon v. Salomon, 196 So.2d 111 (Fla.1967). Therefore, the divorce decree and its incorporated property settlement agreement is subject to modification by the trial judge, Florida Statute 61.14(1). The appeal is frivolous and is hereby
Dismissed.
JOHNSON and MILLS, JJ„ concur.