457 So.2d 529 (1984)
Pedro JAIMOT and Angel Sanchez, Petitioners,
v.
MEDIA LEASING CORP., D/B/a Holiday Rent-a-Car, et al., Respondents.
No. 84-231.
District Court of Appeal of Florida, Fifth District.
September 20, 1984.
Rehearing Denied October 17, 1984.
Eli H. Subin and John M. Brennan of Subin, Shams, Rosebluth & Moran, P.A., Orlando, for petitioners.
Lawrence D. Johnson of Peacock & Johnson, P.A., Orlando, for respondents.
COBB, Chief Judge.
The third party defendants herein, Jaimot and Sanchez, have petitioned for certiorari review of the trial court's denial of their motion to strike a punitive damage claim against them for an alleged breach of contract. Fulminating language in a complaint characterizing a contract breach as "willful, wanton, outrageous, malicious," ad nauseum does not establish an independent tort that will support a punitive damage action. Grossman Holdings Ltd. v. Hourihan, 414 So.2d 1037 (Fla. 1982), Nicholas v. Miami Burglar Alarm Co., Inc., 339 So.2d 175 (Fla. 1976), Haendel v. Paterno, 388 So.2d 235 (Fla. 5th DCA 1980).
Since a punitive damage claim can serve as the basis for an inquiry into a defendant's net worth, an otherwise private matter, the trial court's failure to strike the invalid punitive damage claim is a departure from essential requirements of law giving rise to an irreparable injury. Accordingly, we grant certiorari review and quash the order of the trial court in that regard.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I dissent because I think the complaint in this case sufficiently states misrepresentation or fraud as a component of the breach of contract action. In Count I, appellees alleged that appellants represented they would fulfill appellee's obligations to Ford Motor Credit Company, that they knew appellees would rely thereon to their detriment, and that the representations were false, made in bad faith, and/or that their conduct was grossly negligent. In my view these allegations are indistinguishable from those in Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957), wherein the Florida Supreme Court held punitive damages would lie for the gross neglect of a contractual duty owed to another party sufficient to constitute an independent tort. *530 See also Grossman Holdings Ltd. v. Hourihan, 414 So.2d 1037 (Fla. 1982).
Further, the failure of the trial court to strike the punitive damage claim is clearly an interlocutory matter, which we have no jurisdiction to review under the non-final appeal rules. Fla.R.App.P. 9.130. Nor should we review it as a petition for common law writ of certiorari. Appeal from the final order would be an adequate remedy.[1] Speculation about possible invasive discovery concerning appellants' finances, as yet unsought, is not in my view a sufficient showing of irreparable harm to justify granting common law certiorari in this case. I would deny the petition for writ of certiorari.
NOTES
[1] See Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942); Malone v. Costin, 410 So.2d 569 (Fla. 1st DCA 1982).