476 So.2d 240 (1985)
SUNRISE OLDS-TOYOTA, INC., Petitioner,
v.
Robert A. MONROE, Respondent.
No. 85-427.
District Court of Appeal of Florida, Fifth District.
September 5, 1985.
Rehearing Denied October 10, 1985.
J. David Walsh of Cameron, Marriott, Walsh & Hodges, P.A., Daytona Beach, for petitioner.
Sylvan A. Wells, Daytona Beach, for respondent.
FRANK D. UPCHURCH, Jr., Judge.
This is a petition for a writ of certiorari to review a trial court order denying petitioner's motion to dismiss the respondent's amended complaint. The amended complaint included a claim for punitive damages.
In Jaimot v. Media Leasing Corp., 457 So.2d 529 (Fla. 5th DCA 1984), we granted certiorari review and quashed a trial court order denying a motion to strike a punitive damage claim. This court reasoned that since a punitive claim could serve as the basis for an inquiry into a defendant's net worth, an otherwise private matter, the trial court's failure to strike an invalid punitive damages claim was a departure from the essential requirements of law giving rise to an irreparable injury. We further held that the trial court erred in failing to strike a punitive damages claim for an alleged breach of contract where the complaint did not support a punitive damages action.
We conclude that this case is similar to Jaminot and that the trial court erred in not dismissing the punitive damages claim in respondent's amended complaint.
Under the rule established in Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981), before an employer may be held vicariously liable for punitive damages under the doctrine of respondeat superior, there must be some fault on his part since punitive damages are imposed only as punishment of the defendant and as a deterrent to others. The supreme court explained that it is not legally significant whether an employer is a natural person or a corporation. Any intentional conduct attributed to a corporation must be *241 committed by an officer, agent or employee of the corporation. Here, the complaint is vague as to what member or members of the corporation were grossly negligent and in what capacity they acted for the corporation. Since the alleged facts do not make it clear that the employer as opposed to some mere employee was at fault, the amended complaint fails to state a cause of action for punitive damages. Cf. Willis v. Strickland, 436 So.2d 1011 (Fla. 5th DCA 1983).
Writ of Certiorari GRANTED and the order denying petitioner's motion to dismiss the amended complaint is QUASHED as to the punitive damages claim.
COWART, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I respectfully dissent for the reasons stated in my dissent in Jaimot v. Media Leasing Corp., 457 So.2d 529 (Fla. 5th DCA 1984). The denial of a motion to strike a punitive damage claim or count is not one of the kinds of non-final order which we have jurisdiction to review pursuant to Florida Rule of Appellate Procedure 9.130. And I do not think the error (if if exists in fact) is sufficient to invoke our discretionary certiorari jurisdiction. The denial of a protective order to discover financial information in such a case may properly invoke our certiorari jurisdiction, however. Solodky v. Wilson, 474 So.2d 1231 (Fla. 5th DCA 1985).