481 So.2d 989 (1986)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Marilee KELLEY, et al., Respondents.
No. 85-1503.
District Court of Appeal of Florida, Fifth District.
January 23, 1986.
*990 David C. Willis of Neilson & DeGailler, Orlando, for petitioner.
No appearance for respondents.

ON WRIT OF CERTIORARI
UPCHURCH, Judge.
Allstate Insurance Company has filed a petition for writ of certiorari to quash an order of the circuit court denying a motion to dismiss Count II of the complaint, including a claim for compensatory and punitive damages. Respondents have failed to reply although ordered to do so by this court.
In Sunrise Olds-Toyota, Inc. v. Monroe, 476 So.2d 240 (Fla. 5th DCA 1985), this court granted a petition for certiorari and quashed an order denying a motion to dismiss because the complaint failed to state a cause of action for punitive damages. The court cited Jaimot v. Media Leasing Corp., 457 So.2d 529 (Fla. 5th DCA 1984) which held that since a claim for punitive damages could serve as a basis for a net worth inquiry, the trial court's failure to strike an invalid punitive damages claim was a departure from the essential requirements of law, giving rise to irreparable injury.
Count II of the complaint in the case before us is based on bad faith failure to pay an insurance claim. It does not allege a separate tort, but is basically a breach of contract action and therefore the punitive damages claim is improper. See, e.g., Lewis v. Guthartz, 428 So.2d 222 (Fla. 1982); Jaimot v. Media Leasing Corp., supra.
Writ of Certiorari issued and the order denying petitioner's motion to dismiss as to the claim for punitive damages is quashed.
COBB, C.J., and COWART, J., concur.