490 So.2d 210 (1986)
CLUB EDEN ROC, INC., Petitioner,
v.
FORTUNE COOKIE RESTAURANT, INC., Respondent.
No. 86-622.
District Court of Appeal of Florida, Third District.
June 24, 1986.
*211 Simon, Schindler, Hurst & Sandberg and Thomas M. Pflaum, Miami, for petitioner.
H. Lawrence Asher, North Miami Beach, for respondent.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
Petitioner seeks a writ of certiorari to review an order of the trial court which denied petitioner's motion to dismiss and/or strike a part of the second amended counterclaim related to punitive damages. We note a conflict in decisions of the several district courts of appeal as to entertaining a petition for certiorari to review an order denying a motion to strike or dismiss a claim for punitive damages, see Sunrise Olds-Toyota, Inc. v. Monroe, 476 So.2d 240 (Fla. 5th DCA 1985); Jaimot v. Media Leasing Corp., 457 So.2d 529 (Fla. 5th DCA 1984), which support common law certiorari review, but see Martin-Johnson, Inc. v. Savage, 488 So.2d 567 (Fla. 1st DCA 1986), on rehearing which deny such. We believe we should exercise our discretion to entertain such a petition to review orders which fail to strike or dismiss a claim for such damages because the injury that might be occasioned to a defendant who must respond to punitive damage discovery cannot be remedied on final appeal, whereas, the converse would be true of a trial court order that denied or dismissed a punitive damage claim.
Petitioner is the owner of the Eden Roc Hotel on Miami Beach. Contained within the hotel is a restaurant operated by respondent, as lessee. In June of 1985, petitioner brought a suit seeking to eject respondent on the grounds that respondent no longer had a valid lease to operate the subject restaurant, and in the alternative, that if there was a valid lease, it had been breached by respondent. Respondent counterclaimed, alleged that there was a valid lease, and alleged that petitioner had breached the lease. Respondent demanded punitive damages based on the manner in which petitioner allegedly breached the lease. Petitioner moved to dismiss the punitive damage claim on the ground that respondent's claims arose from an alleged breach of contract. Respondent claims that its counterclaim clearly states a cause of action in tort. The motion to dismiss and/or strike respondent's second amended counterclaim was denied and this petition followed.
The counterclaim does not state a proper basis for punitive damages because it alleges a breach of contract and not an independent tort, and it does not specifically allege ultimate facts of misconduct which could support an award of punitive damages. It is no more than a rephrasing of the underlying contract dispute, and not an independent tort. The trial judge's order departs from the essential requirements of law. Lewis v. Guthartz, 428 So.2d 222 *212 (Fla. 1983); Allstate Insurance Company v. Kelley, 481 So.2d 989 (Fla. 5th DCA 1986); Jaimot v. Media Leasing Corp., 457 So.2d 529 (Fla. 5th DCA 1984); Nitzberg v. Zalesky, 370 So.2d 389 (Fla. 3d DCA 1979); Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc., 361 So.2d 769 (Fla. 4th DCA 1978).
We therefore quash the order denying the motion to dismiss or strike, with directions to strike the reference to punitive damages in the second amended complaint.[1]
Order quashed with directions.
NOTES
[1] This is without prejudice to the trial court in the exercise of its discretion permitting further amendments.