509 So.2d 1097 (1987)
MARTIN-JOHNSON, INC., Petitioner,
v.
Tommie SAVAGE, Respondent.
No. 68832.
Supreme Court of Florida.
July 9, 1987.
*1098 Gordon D. Cherr, of Karl, McConnaughhay, Roland, Maida & Beal, P.A., Tallahassee, for petitioner.
J. Nixon Daniel, III and Jeffrey A. Stone, of Beggs & Lane, Pensacola, for respondent.
BARKETT, Justice.
We have for review the decision of the First District in Martin-Johnson, Inc. v. Savage, 488 So.2d 567 (Fla. 1st DCA 1986), certified to be in direct conflict with the decisions of the Fifth District in Sunrise Olds-Toyota, Inc. v. Monroe, 476 So.2d 240 (Fla. 5th DCA 1985), and Jaimot v. Media Leasing Corp., 457 So.2d 529 (Fla. 5th DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In these cases, the district courts reached conflicting decisions as to whether it is appropriate for an appellate court to review by certiorari an interlocutory order denying a motion to dismiss or strike a claim for punitive damages. We conclude that appellate courts may not review such orders by certiorari.
In the proceedings below, Savage (respondent) filed a wrongful discharge action against Martin-Johnson (petitioner) seeking compensatory and punitive damages. Martin-Johnson moved to strike the punitive damages claim on the ground that the complaint did not allege ultimate facts of misconduct which could support an award of punitive damages. The motion to strike was denied and Martin-Johnson's petition for writ of certiorari followed. The First District declined review by certiorari, holding that petitioner would have an adequate remedy by way of appeal of a final order. Under similar factual circumstances, the Fifth District in Sunrise-Olds Toyota and Jaimot granted certiorari, holding that since a claim for punitive damages could serve as a basis for inquiry into normally private and protected matters, a trial court's failure to strike an invalid punitive damages claim would result in irreparable injury.[1] We agree with the district court below that petitioner has an adequate remedy at law by way of appeal; therefore, we need not pass on the correctness of the trial court order sought to be reviewed.
We emphasize, first of all, that common law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders.[2]Hawaiian Inn v. Snead Construction Corp., 393 So.2d 1201 (Fla. 5th DCA 1981); Ford Motor Co. v. Edwards, 363 So.2d 867 (Fla. 1st DCA 1978). Generally, all other appellate review is postponed until the matter is concluded in the trial court. As the Advisory Committee note to the 1977 Revision of the Florida Appellate Rules states:
[I]t is extremely rare that erroneous interlocutory rulings can be corrected by *1099 resort to common law certiorari. It is anticipated that since the most urgent interlocutory orders are appealable under this rule, there will be very few cases where common law certiorari will provide relief. See Taylor v. Board of Public Instruction of Duval County, 131 So.2d 504 (Fla. 1st DCA 1961).
A non-final order for which no appeal is provided by Rule 9.130 is reviewable by petition for certiorari only in limited circumstances. The order must depart from the essential requirements of law and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal. Brooks v. Owens, 97 So.2d 693 (Fla. 1957); Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942).
Ordinarily, orders on motions to strike or dismiss claims do not qualify for review by certiorari. Gordons Jewelry Co. of Florida, Inc. v. Feldman, 351 So.2d 1117 (Fla. 4th DCA 1977); Allstate Ins. Co. v. Shupack, 335 So.2d 620 (Fla. 3d DCA 1976); Hotel Roosevelt Co. v. Hill, 196 So.2d 233 (Fla. 1st DCA 1967); But see Radio Communications Corp. v. Oki Electronics of America, Inc., 277 So.2d 289 (Fla. 4th DCA 1973); Lovi v. North Shore Bank, 137 So.2d 585 (Fla. 3d DCA), cert. denied, 143 So.2d 492 (1962). Orders granting discovery, on the other hand, have traditionally been reviewed by certiorari. See e.g., Procter & Gamble Co. v. Swilley, 462 So.2d 1188 (Fla. 1st DCA 1985); Greyhound Lines, Inc. v. Jackson, 445 So.2d 1107 (Fla. 4th DCA 1984); Boucher v. Pure Oil Co., 101 So.2d 408 (Fla. 1st DCA 1957). The rationale of these cases is that appeal after final judgment is unlikely to be an adequate remedy because once discovery is wrongfully granted, the complaining party is beyond relief. Boucher, 101 So.2d at 410.
The appellate courts' liberal use of certiorari in this way has led some litigants to seek certiorari review of the discovery order that generally follows a lower court's denial of a motion to strike a punitive damages claim. Safeco Ins. Co. of America v. Campbell, 433 So.2d 25 (Fla. 2d DCA 1983); Allstate Ins. Co. v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976), cert. dismissed, 354 So.2d 980 (1977). In this posture, the rationale for reviewing the punitive damages claim is the court's authority to dispose of all contested issues in a case once it has jurisdiction. See Gibbs, 340 So.2d at 1203 (citing Kennedy v. Kennedy, 303 So.2d 629 (Fla. 1974)). And in a few cases, appellate courts, although declining to pass on the order denying the motion to strike, have held discovery orders improper because the claim precluded an award of punitive damages. See Jenkins v. Milliken, 498 So.2d 495 (Fla. 2d DCA 1986); Solodky v. Wilson, 474 So.2d 1231 (Fla. 5th DCA 1985); United States Fire Insurance Co. v. Clearwater Oaks Bank, 421 So.2d 783 (Fla. 2d DCA 1982).
Regardless of the route taken, we cannot agree that certiorari is a proper vehicle for testing denial of a motion to strike a claim for punitive damages. Were we to permit certiorari review of such orders, either directly, as in the case at bar, or in connection with review of a discovery order, we in essence would be creating a new category of non-final orders reviewable on interlocutory appeal. We are unwilling to do so for a number of reasons.
First, we do not believe the harm that may result from discovery of a litigant's finances is the type of "irreparable harm" contemplated by the standard of review for certiorari. In certiorari proceedings, an order may be quashed only for certain fundamental errors. In Kilgore v. Bird, this Court recognized the distinction between discovery orders that merely violate rules of evidence and may be corrected by a reversal, and those that violate fundamental rights causing harm that cannot be remedied on appeal. In that case, involving a ruling on objections to interrogatories, this Court said:
[R]equiring a witness to answer some questions may constitute error which may or may not warrant reversal on appeal and inflict no injury on the witness, while requiring the witness to answer other questions might so violate his civil rights as to make review on *1100 appeal entirely inadequate and would constitute such a departure from the essential requirements of the law as to make a ruling requiring the answer reviewable on certiorari to adequately protect the constitutional or lawful rights of the witness... .

Many of the questions, supra, which witness has been required to answer are so framed as to violate the rules of evidence and it appears that some of the others may require a violation of the lawful rights of the witness which may not be mended by review on appeal. Before we can determine the extent of the illegality of the question as distinguished from the impropriety thereof, we must have before us the pleadings on which questions are based.
149 Fla. at 582, 6 So.2d at 547-78 (emphasis added).
Thus, not every erroneous discovery order creates certiorari jurisdiction in an appellate court. Some orders entered in connection with discovery proceedings are subject to adequate redress by plenary appeal from a final judgment. See City of Miami Beach v. Town, 375 So.2d 866 (Fla. 3d DCA 1979).
We recognize that discovery of certain types of information may reasonably cause material injury of an irreparable nature. Illustrative is "cat out of the bag" material that could be used by an unscrupulous litigant to injure another person or party outside the context of the litigation. See e.g. Bridges v. Williamson, 449 So.2d 400 (Fla. 2d DCA 1984) (irreparable injury due to possible republication of libelous statement); City of Miami Beach v. Town, 375 So.2d 866 (Fla. 3d DCA 1979) (question concerning ongoing police investigation may compromise the investigation as well as cause actual physical danger to those involved).
We cannot characterize the information requested here in this same vein. We are not dealing with material protected by any privilege. Nor can we say petitioner's privacy interest rises to the level of trade secrets, work product, or information about a confidential informant. We cannot view the harm suffered by this disclosure as significantly greater than that which might occur through discovery in any case in which it is ultimately determined that the complaint should have been dismissed.
Second, to permit interlocutory appeals by certiorari in this instance would result in unwarranted harm to our system of procedure. The rationale employed in this case could as easily be applied to the erroneous denial of a motion for summary judgment or a motion to join or dismiss a party. For example, a defendant in a medical malpractice case could claim "irreparable harm" to reputation and needless cost of litigation flowing from an erroneous denial of a motion for summary judgment. Litigation of a non-issue will always be inconvenient and entail considerable expense of time and money for all parties in the case. The authorities are clear that this type of harm is not sufficient to permit certiorari review. See Wright v. Sterling Drugs, Inc., 287 So.2d 376 (Fla. 2d DCA 1973), cert. denied, 296 So.2d 51 (1974). Moreover, if we permitted review at this stage, appellate courts would be inundated by petitions to review orders denying motions to dismiss such claims, and trial court proceedings would be unduly interrupted. Even when the order departs from the essential requirements of the law, there are strong reasons militating against certiorari review. For example, the party injured by the erroneous interlocutory order may eventually win the case, mooting the issue, or the order may appear less erroneous or less harmful in light of the development of the case after the order. Haddad, The Common Law Writ of Certiorari in Florida, 29 U.Fla.L.Rev. 207, 227-28 (1977).
Lastly, we do not ignore petitioner's valid privacy interest in avoiding unnecessary disclosure of matters of a personal nature. We believe, however, that our discovery rules provide sufficient means to limit the use and dissemination of discoverable information via protective orders. See Fla.R. Civ.P. 1.280(c) (for good cause shown, trial court may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or *1101 expense); East Colonial Refuse Service, Inc. v. Velocci, 416 So.2d 1276 (Fla. 5th DCA 1982) (order compelling production of corporate records included caveat that certain items were to be viewed only by respondent's counsel).
Accordingly, we approve the decision of the First District in Martin-Johnson and disapprove the decisions of Sunrise Olds-Toyota and Jaimot.
It is so ordered.
SHAW and KOGAN, JJ., and ADKINS, J. (Ret.), concur.
McDONALD, C.J., and OVERTON and EHRLICH, JJ., dissent.
NOTES
[1] The Third District reached a similar conclusion in Club Eden Roc, Inc. v. Fortune Cookie Restaurant, 490 So.2d 210 (Fla. 3d DCA 1986).
[2] Florida Rule of Appellate Procedure 9.130 provides in pertinent part: (a)(3) Review of non-final orders of lower tribunals is limited to those which:

(A) concern venue;
(B) grant, continue, modify, deny or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine:
(i) jurisdiction of the person;
(ii) right to immediate possession of property;
(iii) right to immediate monetary relief or child custody in domestic relations matters;
(iv) the issue of liability in favor of a party seeking affirmative relief; or
(v) whether a party is entitled to arbitration.