ON MOTION FOR REHEARING
Petitioner Mazda Motor Corporation has filed a motion for rehearing in which it urges that we erred in our interpretation of Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), and our conclusion that Martin-Johnson requires us to deny review of the order in this case. Petitioner cites other district court of appeal decisions[1] in support if its contentions. We grant the motion for rehearing, and recede from our prior position for the following reasons.
In Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), the supreme court addressed conflicting district court decisions on the issue of whether a party defending a claim for punitive damages may gain certiorari review of an order denying his motion to dismiss or strike the punitive *1024 damage claim. Although orders on motions to strike or dismiss claims ordinarily do not qualify for certiorari review, 509 So.2d at 1099, some appellate courts had granted certiorari review of such orders under the rationale that “since a claim for punitive damages could serve as a basis for inquiry into normally private and protected matters, a trial court’s failure to strike an invalid punitive damages claim would result in irreparable injury.” 509 So.2d at 1098. The supreme court put an end to such expanded review of non-final orders, holding that orders denying a motion to dismiss or strike a claim for punitive damages could not be reviewed by certiorari; rather, review of such orders must be by plenary appeal from the final judgment. 509 So.2d at 1098, 1099. Mar tin-Johnson did not involve a direct challenge to an overbroad discovery order that, on its face, departs from the essential requirements of law. In fact, the supreme court noted that orders granting discovery traditionally are reviewed by certiorari. 509 So.2d at 1099. Thus, Martin-Johnson does not prohibit our review of the discovery order in this case. See Pearce v. Doral Mobile Home Villas, Inc., 521 So.2d 282 (Fla. 2d DCA 1988); Humana of Florida, Inc. v. Evans, 519 So.2d 1022 (Fla. 5th DCA 1987).
In our original opinion we stated, “After considerable study of the voluminous pleadings, interrogatories, and cited authorities, we are convinced that the trial court, by declining to sustain Mazda’s objections to some interrogatories and failing to limit certain other interrogatories with respect to relevant dates, the components or portions of the vehicle involved in this case, and the nature of the collision which actually occurred, has departed from the essential requirements of the law as enunciated in several of these decisions.” We now hold that the interrogatories paraphrased in our original opinion and numbered 1, 2, 5, 8, 9,10,13,14,15, and 16, are overbroad, excessively burdensome, and oppressive in that they seek information that is irrelevant to the issues raised by the pleadings and inquire into matters well beyond the material facts and issues in this case. Thus, the information sought exceeds the permissible scope of discovery[2] and the trial court departed from the essential requirements of law in ordering petitioner to answer these interrogatories as presently phrased.[3]
For the foregoing reasons, the petition for writ of certiorari is granted and to the extent discussed above the order under review is quashed.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.

. Pearce v. Doral Mobile Home Villas, Inc., 521 So.2d 282 (Fla. 2d DCA 1988); Humana of Florida, Inc. v. Evans, 519 So.2d 1022 (Fla. 5th DCA 1987).

. Rule 1.280(b), Fla.R.Civ.P. defines the permissible scope of discovery in general as “any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of the other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.”

. We do not decide whether respondents will be able to properly phrase interrogatories to obtain information of the nature covered by these numbered interrogatories and demonstrate that the matters sought are relevant and material to the issues in the case and will be admissible or reasonably lead to the discovery of evidence that would be admissible at trial, nor whether respondents should be permitted to do so at this stage of the proceedings.