POLEN, Judge.
This cause is before us on a petition for writ of certiorari directed to the trial court’s order, requiring petitioner to produce at trial information as to his finances and net worth. Petitioner was sued as a general partner of Deerfield Groves Partnership, for tortious interference, seeking compensatory and punitive damages. The order from which this petition ensued required petitioner to produce at trial records of his personal finances and net worth. These documents would be subject to production and presentation to the jury only if plaintiff in the trial court first made out a prima facie case for punitive damages.
Petitioner has not demonstrated the trial court departed from the essential requirements of law, nor has he shown any harm which would not be addressable on a plenary appeal. Indeed, if the plaintiff at trial is unable to make out a prima facie case for punitive damages against this petitioner, the issue will become moot. On the other hand, if the plaintiff makes a prima facie case and the personal financial documents are placed in evidence, leading to an adverse verdict, petitioner may then seek review on direct appeal. Accordingly, we deny the petition for certiorari. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
DOWNEY and LETTS, JJ., concur.