BLUE, Judge.
Patricia Leib Lemer, the wife, appeals the nonfinal order granting a motion to compel the listing of the marital home for immediate sale. We have determined that the order is not appealable under Florida Rule of Appellate Procedure 9.130, and treat the matter as a petition for writ of certiorari. See Fla. R.App. P. 9.030(b)(2)(A). We grant the petition and quash the order.
The Husband filed a motion to compel the immediate sale of the marital home, arguing that the Wife and two children of the marriage did not need the large house. The Husband contended there was no possibility the Wife would receive the home as part of equitable distribution. The Wife objected to the motion and answered that section 61.075(l)(h), Florida Statutes (1997), dealing with equitable distribution, expresses the desirability of retaining the marital home as a residence for any dependent children of the marriage.
Following a hearing, the trial judge granted the Husband’s motion and directed the parties to immediately list the martial home for sale. The trial court determined that there was “too much equity in the marital home to permit it to be equitably distributed to either party in the Final Judgment.” While that determination may ultimately prove correct, the order failed to address the concerns of section 61.075(l)(h). Additionally, the order was based on incomplete financial information from the parties. Absent complete financial disclosure, which was clearly lacking in this case at the time of the court’s order, the determination regarding equitable distribution was unsupported. Therefore, the order departs from the essential requirements of law and causes the Wife irreparable harm without an effective remedy on appeal. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
Accordingly, we grant the petition for writ of certiorari and quash the order on the Husband’s motion to compel the immediate sale of the home.
ALTENBERND, A.C.J., and YOUNG, ROBERT A., Associate Judge, concur.