716 So.2d 768 (1998)
FLORIDA DEPARTMENT OF CORRECTIONS, Petitioner,
v.
June CULVER, et al., Respondents.
No. 92211.
Supreme Court of Florida.
August 20, 1998.
Robert A. Butterworth, Attorney General, and David R. Herman and Pamela Lutton-Shields, Assistant Attorneys General, Tallahassee, for Petitioner.
Marcia Davis, Gainesville, for Respondents.
OVERTON, Justice.
We have for review Department of Corrections v. Culver, 703 So.2d 1211, 1212 (Fla. 1st DCA 1997), in which the district court certified the following question to be of great public importance:
IN DETERMINING THE APPEALABILITY OF A NONFINAL ORDER DENYING A MOTION FOR SUMMARY JUDGMENT BASED ON WORKERS' COMPENSATION IMMUNITY, ARE WE RESTRICTED TO LOOKING ONLY AT THE ORDER ON APPEAL OR MAY WE REVIEW THE RECORD IN THE MANNER DESCRIBED IN HASTINGS v. DEMMING, 682 So.2d 1107 (Fla. 2d DCA 1996).
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In the instant case, the trial court's order denied without elaboration the Department of Correction's motion for summary judgment on the basis of workers' compensation immunity. The district court noted that a review of the record revealed no disputed issues of material fact. The district court concluded that it had no choice but to dismiss the appeal in light of this Court's recent decision in Hastings v. Demming, 694 So.2d 718 (Fla.1997).
The answer to this certified question may be found within this Court's decision in Hastings v. Demming, 694 So.2d 718, 720 (Fla. 1997), which clearly provides that "[n]onfinal orders denying summary judgment on a claim of workers' compensation immunity are *769 not appealable unless the trial court order specifically states that, as a matter of law, such a defense is not available to a party ." Because the order in the instant case does not specifically state that workers' compensation immunity is unavailable as a defense, consistent with our decision in Hastings, the district court does not have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi) to review the order. Accordingly, we approve the decision of the district court in the instant case.
It is so ordered.
HARDING, C.J., and SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.