KLEIN, J.
The defendant in this medical malpractice ease served a request for plaintiff to produce, pursuant to Rule 1.350(a), “All clinical records pertaining to dental and/or medical examinations or treatments administered to plaintiff because of the incident involved in the lawsuit.” Plaintiff objected on the ground of work product, asserting:
The clinical records in the possession of the plaintiff and her counsel are work product having been procured solely in preparation for filing an action at law. Their selection is evidence of the thought processes of the plaintiff and her counsel. Their acquisition was exclusively for the purpose of determining legal rights. Moreover, they have been marked or enhanced by the plaintiffs legal representatives. These records are available, through other discovery means, to the defendants and there has been no showing that said records are not otherwise available.
The trial court required production and defendant seeks certiorari review.
We do not agree with the plaintiff that the fact that her counsel used his thought processes to obtain the medical records reflecting treatment because of the inci *1250 dent involved in the lawsuit makes the records work product. Unlike, for example, a statement of a witness, these medical records were not prepared in anticipation of litigation. Plaintiff has cited no authority standing for the proposition that the mere act of obtaining these medical records transforms them into work product.
Even if these medical records did constitute work product, it does not necessarily follow that we would grant certiorari. We make that observation because there are two types of work product, fact work product which is information gathered in anticipation of litigation, and opinion work product which consists of counsel’s opinions, conclusions and theories. Southern Bell Tel. & Tel. v. Deason, 632 So.2d 1377, 1384 (Fla.1994). Fact work product is subject to discovery upon a showing of need and undue hardship, while opinion work product is protected from disclosure. Id.
Assuming for purposes of argument that the medical records involved in the present case were work product, they would constitute fact work product which the plaintiff recognizes she would have to disclose if the defendant cannot obtain the records elsewhere. Because fact work product is ultimately discoverable, a trial court’s order erroneously requiring production of it does not result in the type of irreparable damage caused by a party having to disclose “cat out of the bag” material. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). The only irreparable damage resulting when a trial court improperly requires disclosure of fact work product is that the opposing party gets the work product sooner and with less effort. Accordingly, even if this were fact work product, plaintiff would be hard pressed to demonstrate the requirements for review by certiorari: (1) a departure from the essential requirements of law; and (2) irreparable injury. Id.
Plaintiff also objected to producing the records on the ground that her counsel had “marked or enhanced” them. Although we agree that counsel’s notations on the records would constitute opinion work product, the trial court did not require their production. It simply required production of the records. Plaintiffs counsel can obviate that problem by deleting his notes or obtaining additional copies.
The petition for certiorari is dismissed.
SHAHOOD and TAYLOR, JJ., concur.