890 So.2d 476 (2004)
J.H., Mother of H.H., a Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D04-1876.
District Court of Appeal of Florida, Fifth District.
December 30, 2004.
*477 Ryan Thomas Truskoski, of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Charles D. Peters, Orlando, for Appellee.
PLEUS, J.
J.H., mother of H.H., minor child, appeals from orders entered in a juvenile dependency case dismissing the action and placing the child with the father.
Two points on appeal are presented, the first of which is dispositive. The mother argues she was denied procedural due process when the court conducted a disposition hearing at what was supposed to be the arraignment without affording her notice and an opportunity to be heard.
DCF concedes that the mother's procedural due process rights were violated when the trial court, without notice to the mother, treated the arraignment hearing as a disposition hearing. DCF acknowledges that while the mother had filed a written consent to the petition for dependency, she was still entitled to notice and an opportunity to be heard as to the dispositional aspect of the cause. See § 39.521(1), Fla. Stat. (disposition hearing shall be conducted if parents have consented to the finding of dependency or admitted the allegations in the petition). See generally Bembry v. Department of Children and Family Services, 716 So.2d 806 (Fla. 3d DCA 1998) (reversing dependency disposition order due to lack of notice of hearing).
DCF additionally observes that the trial court failed to follow Chapter 39, Florida Statutes, when it granted permanent custody of the child to the father without (1) preparation of a predisposition report or written case plan, section 39.521(1)(a), Florida Statutes, and (2) a home study by the department, section 39.521(2)(r), Florida Statutes.
The order at arraignment and order dismissing the action (each dated May 4, 2004) are reversed and the cause remanded for further proceedings consistent with Chapter 39. The mother's additional point, that the order placing the child with the father violated the terms of her written consent to dependency which had as its goal, reunification of mother and child, may be raised and considered on remand.
REVERSED AND REMANDED.
MONACO and TORPY, JJ., concur.