FARMER, J.
The Mother in a dependency proceeding seeks review of a non-final order removing her children and changing temporary placement to the Department of Children and Families (DCF). She argues that the trial court departed from the essential requirements of law in violation of her due process rights by reconsidering a shelter petition that the assigned judge had twice previously denied after evidentiary hearings. We agree. Because the resulting harm cannot be corrected on final appeal, we consider her brief as a Petition for Writ of Certiorari and grant the Writ. See Martin-Johnson Inc. v. Savage, 509 So.2d 1097 (Fla.1987) (nonfinal order, for which no right of appeal is provided by law, will be reviewed by common law certiorari only when order departs from essential requirements of law and causes material injury to petitioner throughout proceedings below, effectively leaving no adequate remedy on appeal).
The case began when DCF took the Mother’s three children and filed a Petition for Placement in Shelter. At the hearing, the original assigned judge considered DCF’s oral allegation and evidence that, despite having knowledge, she had failed to protect the children from their father’s sexual abuse. The assigned judge found that probable cause to take the children from the mother was lacking. The judge also found that, because the father was now incarcerated, the children would suffer more harm by sheltering them than if they remained with the mother. The *348 judge entered an order denying the petition, as well as DCF’s oral request for additional time to show probable cause for such action. The children were placed with the mother under court-ordered conditions.
Two days later, DCF again took the children. The parties returned to the same judge to argue DCF’s second shelter petition. DCF apologized that its new pleading was “inadvertently” not filed with the court, thereupon providing a copy to the Mother in open court for the first time. DCF alleged that two “new” facts showed the children in danger: (1) a police detective who had previously interviewed the father was prepared to testify that the Mother was aware of his sexual abuse of the children; and (2) a DCF case-worker would testify that the home smelled of marijuana. The court found that the Mother was not properly served, that the allegations were not new, and that probable cause was still lacking. Again, the court denied DCF’s request for additional time to show grounds for removing the children. The children were returned to the Mother under the same court-ordered conditions. DCF did not appeal the order.
A few days later, DCF filed an Emergency Motion to Change Placement. This third time, DCF alleged only that the children remained “at risk” based on the Mother’s failure to protect them from sexual abuse. The Mother filed an objection, contending that the original assigned judge had twice decided the matter and that DCF was not now alleging that she had violated the court ordered conditions or that the circumstances had changed.
A successor judge heard the Emergency Motion during the following week. The Mother argued that the assigned judge had previously denied the same relief on two prior occasions based on the same allegations. She pointed out that DCF had failed to allege any new facts or any new circumstances constituting an emergency different from the one previously alleged. She argued that the motion was not “properly before” a successor judge. DCF stated that it had nothing new to offer, but asked the court to consider the best interest of the children. The Mother objected to the presentation of “any testimony.”
The successor judge expressed concern with her ability to consider the motion in the absence of a petition for dependency. At that moment, DCF then handed a Verified Petition for Dependency to the judge for filing. Whereupon, the successor judge proceeded with the hearing.
The Mother moved for a continuance, again asserting the court lacked any basis to change the ruling of the original judge. The judge denied her request. DCF then presented testimony from the Mother and the police detective who had interviewed the father on the day the children were originally taken by DCF. The successor judge granted the emergency motion and placed the children in the custody of DCF. The trial court has since “conditionally” adjudicated the children dependent, saying that the decision is subject to this attempt at appellate review.
The Mother asserts the trial court violated her due process rights by reconsidering a shelter petition that the court had twice previously denied. At the hearing, DCF conceded it was presenting nothing new to the court. Having thoroughly reviewed the record, we conclude that the successor judge simply reconsidered the same facts and arguments that another circuit judge had twice found insufficient to establish probable cause to shelter. See Groover v. Walker, 88 So.2d 312, 314 (Fla. 1956) (finding request essentially to vacate summary judgment was not properly before another circuit judge and judge did *349 not have authority to vacate final decree on same facts); In re Guardianship of Schiavo, 792 So.2d 551, 563 (Fla. 2d DCA 2001) (“Given that the guardianship is still pending and that the guardianship court has continuing jurisdiction of the ward, it is simply inconceivable that another circuit judge can or should be given the power to override an order entered in the pending guardianship.”).
We are troubled by the procedural improprieties occurring during the proceedings before the successor judge. While a trial judge must obviously consider the best interests of a child at all stages, in this ease the procedures employed to achieve that result operated to deny the mother essential due process. See J.H. v. Dep’t of Children and Families, 890 So.2d 476, 477 (Fla. 5th DCA 2004) (finding mother’s procedural due process rights were violated where trial court, without notice to mother, treated arraignment hearing as disposition hearing). We vacate the successor judge’s order and remand for consistent proceedings affording the Mother the constitution’s imperative of due process of law.

Order Quashed.

KLEIN and GROSS, JJ., concur.