PER CURIAM.
Notwithstanding that she had signed a written consent to the petition for dependency, the child’s mother was entitled to notice and an opportunity to be heard with regard to all proceedings regarding the dependency of her child. J.H. v. Department of Children & Families, 890 So.2d 476 (Fla. 5th DCA 2004); C.L.R. v. Department of Children & Families, 913 So.2d 764 (Fla. 5th DCA 2004). This includes entitlement to notice and opportunity to attend the mediation conference involving the father of the child. Because the mother did not receive such notice, the trial court should have granted the motion to set aside the mediation agreement. The order denying the motion to set aside the mediation agreement is therefore REVERSED and the case is REMANDED to the trial court with directions to set aside the mediation agreement and to order mediation after proper notice to all parties, including both of the child’s natural parents.
ERVIN, BARFIELD, and VAN NORTWICK, JJ., concur.