933 So.2d 1185 (2006)
WAUSAU BUSINESS INSURANCE COMPANY and Wausau Underwriters Insurance Company, Appellants,
v.
Lesbia QUINTANA, Appellee.
No. 3D06-222.
District Court of Appeal of Florida, Third District.
June 14, 2006.
Rehearing Denied August 10, 2006.
Akerman, Senterfitt and Mark S. Shapiro, Gary J. Guzzi, and Francisco Rodriguez, Miami, for appellants.
Mark J. Feldman, Miami, for appellee.
Before FLETCHER and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
This is an appeal by Wausau Business Insurance Company and Wausau Underwriters Insurance Company, defendants below, for review of a non-final order denying their motion to dismiss on the issue of workers' compensation immunity. The instant order is not appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v). See Reeves v. Fleetwood Homes of Florida, Inc., 889 So.2d 812, 821 (Fla.2004)(finding that "[t]he lower courts of Florida have strictly adhered to this Court's decisions in Hastings and Culver, determining that a district court does not have jurisdiction to review a nonfinal order denying summary final judgment unless the trial court's order explicitly states that the defendant will not be entitled to present a workers' compensation immunity defense at trial"); Florida Dep't of Corrs. v. Culver, 716 So.2d 768 (Fla.1998); Hastings v. Demming, 694 So.2d 718, 720 *1186 (Fla.1997)(finding that "[n]onfinal orders denying summary judgment on a claim of workers' compensation immunity are not appealable unless the trial order specifically states that, as a matter of law, such a defense is not available to a party"); 94th Aero Squadron of Miami, Inc. v. Colon, 862 So.2d 806 (Fla. 3d DCA 2003)(treating an appeal from an adverse summary judgment as a petition for a writ of certiorari because a nonfinal order determining whether a party is entitled to workers' compensation immunity is not appealable unless the trial court order specifically states that, as a matter of law, such defense is not available to a party).
We therefore treat this as a petition for a writ of certiorari and deny the petition. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987)(holding that, for a nonfinal order to be reviewable by petition for certiorari, the order must depart from the essential requirements of law, thus causing material injury to the petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal).
Petition for a writ of certiorari is denied.