[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12122
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-00301-JDW-TGW

WALDEMAR BARANOWSKI,

Plaintiff-Appellant,

versus

GEICO GENERAL INSURANCE COMPANY,
a foreign insurance corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 9, 2018)

Before TJOFLAT, WILLIAM PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Waldemar Baranowski appeals the dismissal of his complaint against his automobile liability insurance provider, Geico General Insurance Company, for its alleged bad faith in failing to settle a personal injury action by Jiri Renotierova for the limits of Baranowski's insurance policy. The district court dismissed the complaint as barred by the four-year statute of limitation that governs actions for intentional torts. *See* Fla. Stat. § 95.11(3)(o). But Florida law provides that an action for the bad faith refusal of an insurer to settle a covered claim arises in contract, *Allstate Ins. Co. v. Kelley*, 481 So. 2d 989, 990 (Fla. 1986); *Gov't Emps. Ins. Co. v. Grounds*, 332 So. 2d 13, 14 (Fla. 1976), which is subject to a five-year statute of limitation, Fla. Stat. § 95.11(2)(b). Because Baranowski filed his complaint within five years after the entry of an excess judgment against him, we vacate the order of dismissal and remand for the district court to reinstate Baranowski's complaint.

Renotierova and his wife sued Baranowski for serious injuries that Renotierova suffered after being ejected from the passenger seat of Baranowski's vehicle. Baranowski, who had a liability insurance policy with coverage of $10,000 per person and $20,000 per occurrence, notified Geico of the lawsuit. Geico failed to settle the dispute, and a jury returned a verdict in favor of the Renotierovas on their claims of negligence and loss of consortium. On June 29,

2

2012, the state court entered a second amended final judgment for more than $2.6 million against Baranowski.

On February 7, 2017, Baranowski filed a complaint in the district court against Geico for failing to negotiate and settle with the Renotierovas in good faith. Baranowski alleged that Geico "acted in bad faith" by failing "to accept a reasonable offer and opportunity to settle [the] case within its policy limits when it could and should have done so"; failing "to exercise reasonable care and good faith in the investigation, negotiation, and attempted settlement of the claim"; and failing "to advise [him] of settlement opportunities" and warn him "of the possibility of an excess judgment." Baranowski also alleged that Geico acted in bad faith by failing "to adopt and implement standards for the proper investigation and handling of claims"; failing "to properly train [its] adjusters and claims personnel"; and failing "to comply with its own policies and procedures . . . in the handling of the claim."

Geico moved to dismiss the complaint as untimely under the four-year statute of limitation applicable to actions for negligence, Fla. Stat. § 95.11(3)(a), or alternatively, to actions not specifically mentioned in the statute, *id.* § 95.11(3)(p). *See* Fed. R. Civ. P. 12(b)(6). Baranowski responded that the applicable statute of limitation was five years because, under *Grounds*, 332 So. 2d 13, and *Nationwide Mut. Ins. Co. v. McNulty*, 229 So. 2d 585 (Fla. 1969), his complaint of bad faith

3

refusal to settle arose in contract, Fla. Stat. § 95.11(2)(b). The district court

dismissed Baranowski's action as being for the breach of fiduciary duties, which is

"'considered a tort[,]' *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002)," and

"'subject to a four-year statute of limitations[,]' *Woodward v. Woodward*, 192 So.

3d 528, 531 (Fla. Dist. Ct. App. 2016)," under section 95.11(3)(o) of the Florida

Statutes.

We review *de novo* the dismissal of a complaint as untimely. *See Berman v.

Blount Parrish & Co., Inc.*, 525 F.3d 1057, 1058 (11th Cir. 2008). The timeliness

of Baranowski's action depends on a "determination[] of state law," which we

review *de novo*. *See Venn v. St. Paul Fire and Marine Ins. Co.*, 99 F.3d 1058, 1062

(11th Cir. 1996). "The district court [was] required to follow the Florida Supreme

Court's decision[s] on [the] issue of Florida law." *Id.* at 1063.

Baranowski's complaint of bad faith was an action arising out of a contract

instead of an action in tort. In 1938, when the Supreme Court of Florida held that

an "insurer must act in good faith toward [its] assured in its effort to negotiate a

settlement," it concluded that "duty[ arose] not under the terms of the contract

strictly speaking, but because of and flowing from" the right of the insurer by

contract "to take charge of the defense of [the] claim." *Auto Mut. Indem. Co. v.

Shaw*, 184 So. 852, 859 (Fla. 1938). Although "most states treat [an action for bad

faith] as a tort claim or as a combination of tort and contract," Florida treats bad

4

faith as a matter of contract. *Swamy v. Caduceus Self Ins. Fund, Inc.*, 648 So. 2d 758, 760 (Fla. Dist. Ct. App. 1994); *Venn*, 99 F.3d at 1065. *See McNulty*, 229 So. 2d at 586; *Travelers Indem. Co. v. Butchikas*, 313 So. 2d 101, 104 (Fla. 1975); *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So. 2d 783, 785 (Fla. 1980); *Kelley*, 481 So. 2d at 990; *Am. Vehicle Ins. Co. v. Goheagan*, 35 So. 3d 1001, 1003 (Fla. Dist. Ct. App. 2010). It does not matter "that the proofs offered to establish an insurer's bad faith . . . may include or consist of showing an act of negligence [because that] does not take the cause of action out of the contract category." *Grounds*, 332 So. 2d at 14 (quoting *McNulty*, 229 So. 2d at 586); *see Lumbermens Mut. Cas. Co. v. August*, 530 So. 2d 293, 295 (Fla. 1988) ("Although . . . an action to recover uninsured motorist benefits . . . involves some aspects of a tort action, . . . the rights and obligations of the parties under an insurance policy are governed by contract law because they arose out of an insurance contract."). Baranowski's complaint against Geico was in "the nature of an action . . . ex contractu rather than in tort." *Grounds*, 332 So. 2d at 14 (quoting *McNulty*).

Baranowski timely filed his complaint within the limitation period for an action on a contract. In Florida, "[a] legal or equitable action on a contract . . . founded on a written instrument" has a statute of limitation of five years. Fla. Stat. § 95.11(2)(b). The five-year limitation period applies to a complaint against an insurer for refusing in bad faith to settle a claim. *Woodall v. Travelers Indem. Co.*,

5

699 So. 2d 1361, 1362 n.2 (Fla. 1997); *Burnett v. Fireman's Fund Ins. Co.*, 408 So. 2d 838, 838 (Fla. Dist. Ct. App. 1982). The potential action against Geico accrued when the state court entered the final excess judgment against Baranowski. *See Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1275 (Fla. 2000). As Geico alleged in its motion to dismiss, Baranowski filed his complaint "four years, seven months, and nine days after the Second Amended Final Judgment was entered" against him. Because Baranowski's complaint was timely, the district court erred by dismissing his action as barred by the statute of limitation.

We **VACATE** the order that dismissed Baranowski's complaint as untimely and **REMAND** for the district court to reinstate his complaint.

6