# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case Nos. 6D2025-0824, 6D2025-1464
CONSOLIDATED
Lower Tribunal No. 2021-CA-006331

_____

DAVID OLSON, M.D.,

Appellant,

v.

CHRISTOPHER and TAMMY COSTELLO, as Personal Representative of the ESTATE OF RYAN COSTELLO, deceased, et al.,

Appellees.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Lee County.
Alane Laboda, Judge.

May 15, 2026

TRAVER, C.J.

In these consolidated cases, David Olson, M.D., appeals two nonfinal orders addressing his defense of workers' compensation immunity to the wrongful death lawsuit brought by the Estate of Ryan Costello, Costello was a Minnesota Twins baseball prospect. We lack jurisdiction over the first order and dismiss that part of this appeal. We have jurisdiction over the second order and affirm.

Dr. Olson moved for summary judgment on his immunity defense, contending that Minnesota law applied. If successful, this would have been an absolute defense to the Estate's claims. The trial court denied the motion, finding that genuine issues of material fact precluded summary judgment on Minnesota law's applicability. The trial court observed, though, that Florida law might apply. And if this occurred, Dr. Olson's immunity defense would fail because Florida's Workers' Compensation Act does not apply to professional athletes. *See* § 440.02(17)(c)3., Fla. Stat. (2019) ("'Employment' does not include service performed by or as . . . [p]rofessional athletes."). This is the first order on appeal.

The trial court separately ordered the parties to explain why it should not enter summary judgment on the applicability of Florida law, having identified that there may be no genuine issues of material fact in dispute. *See* Fla. R. Civ. P. 1.510(f)(3) ("After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). Following briefing and a hearing, the trial court granted summary judgment and determined that Florida law applied to Dr. Olson's immunity defense as a matter of law. It reiterated Florida workers' compensation law did not bar the Estate's claims. This is the second order on appeal.

We have an independent duty to determine our jurisdiction. *See Shassian v. Riverwalk Park, LLC*, 365 So. 3d 484, 486 (Fla. 6th DCA 2023). Florida Rule of

2

Appellate Procedure 9.130(a)(3)(C)(v) grants jurisdiction over nonfinal orders determining "that, as a matter of law, a party is not entitled to workers' compensation immunity." The Florida Supreme Court has held we lack jurisdiction under this rule over "[n]onfinal orders *denying* summary judgment . . . unless the trial court order specifically states that, as a matter of law, [workers' compensation immunity] is not available to a party." *Hastings v. Demming*, 694 So. 2d 718, 720 (Fla. 1997) (emphasis added); *see Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 821 (Fla. 2004) (concluding district court lacked jurisdiction when "the circuit court's order denying summary judgment did not explicitly state that the respondents would not be entitled to rely upon a workers' compensation immunity defense at trial"). In determining our jurisdiction when reviewing an order denying summary judgment on workers' compensation immunity, we limit our review to the order on appeal, and we cannot review the record to explore whether no genuine issues of material fact exist. *See Fla. Dep't of Corr. v. Culver*, 716 So. 2d 768, 768–69 (Fla. 1998). Finally, we cannot exercise our certiorari jurisdiction when a trial court denies a summary judgment motion without specifically or explicitly stating that a party is not entitled to workers' compensation immunity as a matter of law. *See Reeves*, 889 So. 2d at 822.

The first order denies summary judgment, and it does not specifically or explicitly declare Dr. Olson is not entitled to workers' compensation immunity as a

3

matter of law.  Indeed, it says genuine issues of material fact may remain as to whether Florida law applied.  If the trial court had not entered the second order, Dr. Olson could have potentially prevailed on this issue at trial.  *See Hastings*, 694 So. 2d at 720 (no appellate jurisdiction in this context because "denial of the summary judgment may be based on a factual dispute and the party is still likely able to present an immunity defense to the jury").  We therefore lack jurisdiction over the first order and dismiss that part of this appeal.

The second order also does not contain these specific or explicit words.  But it is not an order *denying* summary judgment.  Rather, the trial court *granted* summary judgment, which eliminated Dr. Olson's immunity defense as a matter of law and precluded him from asserting it at trial.  In determining whether we have jurisdiction over the second order, we start with rule 9.130's plain language.  We apply the same rules of construction to procedural rules as we do to statutes.  *See Brown v. State*, 715 So. 2d 241, 243 (Fla. 1998) ("[T]he rules of construction applicable to statutes also apply to the construction of rules.").  And this process requires us to follow the "supremacy-of-text principle," which states that "[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means."  *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)).

4

Rule 9.130(a)(3)(C)(v) confers jurisdiction when a nonfinal order determines "that, as a matter of law, a party is not entitled to workers' compensation immunity." It lacks a "specific or explicit words" requirement, and we are not free to add this directive. *See Lawnwood Med. Ctr., Inc. v. Seeger*, 990 So. 2d 503, 512 (Fla. 2008) ("It is a well-established tenet of statutory construction that courts 'are not at liberty to add words to the statute that were not placed there by the Legislature.'" (quoting *State v. J.M.*, 824 So. 2d 105, 111 (Fla. 2002))). We do not read the holdings of *Hastings*, *Culver*, and *Reeves* courts so broadly as to apply them to a markedly different procedural context. *See Royal v. Royal*, 372 So. 3d 782, 785 (Fla. 6th DCA 2023). Instead, we examine the nature of the order appealed to determine our jurisdiction. *Gazoombi v. State*, 406 So. 3d 371, 377–78 (Fla. 1st DCA 2025) (en banc) (explaining that two components to district court's jurisdiction are nature of order appealed and timeliness of invoking that jurisdiction); *State v. Saufley*, 574 So. 2d 1207, 1210 (Fla. 5th DCA 1991) (en banc) (Cowart, J., concurring in result only); *see also Truist Bank v. De Posada*, 307 So. 3d 824, 826 (Fla. 3d DCA 2020) (appellate courts analyze whether nonfinal orders made "the requisite *determination*" under rule 9.130(a)(3)(C)).

The second order concludes that Florida law applies and therefore eliminates Dr. Olson's ability to avail himself of a workers' compensation immunity defense under Minnesota law at trial. The second order's nature, character, and legal effect

5

determines "that, as a matter of law, [Dr. Olson] is not entitled to workers' compensation immunity." *See* Fla. R. App. P. 9.130(a)(3)(C)(v). It answers every question that an order denying summary judgment in this context leaves open. We have jurisdiction to review it.

Applying a de novo review, we affirm the trial court's summary judgment applying Florida law to the parties' dispute. *See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000); *Sosa v. Safeway Premium Fin. Co.*, 73 So. 3d 91, 102 (Fla. 2011). The trial court correctly applied Florida Supreme Court precedent adopting "the significant relationships test," as delineated in Restatement (Second) of Conflict of Laws section 145 (1971). *See Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980). The parties agree on the facts of this unique case, but they disagree on their application to the significant relationships test. We conclude the trial court applied the proper test to this matter's undisputed facts and arrived at the correct conclusion. For this reason, we affirm the second order.

AFFIRMED in part; DISMISSED in part.

SMITH and KAMOUTSAS, JJ., concur.

Dinah S. Stein and Aneta K. McCleary, of Hicks, Porter & Stein, P.A., Miami, and Thomas E. Dukes, III, and Wilbert R. Vancol, of McEwan, Martinez, Dukes, Hall & Vancol, P.A., Orlando, for Appellant.

Raymond T. Elligett, Jr., and Shirley T. Faircloth, of Buell & Elligett, P.A., Tampa, and Gary D. Fox and Michael E. Levine, of Stewart Tilghman Fox Bianchi & Cain, P.A., Miami, for Appellees, Christopher and Tammy Costello, as Personal Representative of the Estate of Ryan Costello, deceased.

No Appearance for Other Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED